(75 App. Div. 439.)

WEIL et al. v GALLUN et al.

(Supreme Court, Appellate Division, First Department.   November 7, 1902.)

1. ATTACHMENTS—SETTING ASIDE—QUESTION OF INDEBTEDNESS.
    Where attachments are served on persons claimed to be indebted to defendants in the attachment, motions by such persons to set aside the service on them on the ground that they are not indebted to defendants will not lie.   The question of indebtedness cannot be determined on such motions.

¶ 1. See Attachment, vol. 5, Cent. Dig. § 859.

2. SAME—SERVICE OF CERTIFIED COPY.
      Service of an attachment on one claimed to be indebted to the defendant in attachment will be set aside; no certified copy of the attachment having been served on him, as required by the Code of Civil Procedure, but merely a paper purporting to be a copy of the attachment.
3. SAME—NOTICE OF MOTION.
      Failure to serve on the person claimed to be indebted to the defendant in attachment a certified copy of the attachment, as required by the Code of Civil Procedure, is not a mere irregularity, within general rules of practice No. 37, requiring the notice of motion to set aside for irregularity to specify the irregularity; this being something going to the jurisdiction.

Appeal from special term, New York county.

Action by Emil Weil and others against August F. Gallun and others. From an order denying a motion to set aside levies of attachment, defendants appeal. Reversed in part.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

F. C. Huntington, for appellants.
A. C. Weil, for respondents.

VAN BRUNT, P. J. Attachments having been issued in this action, they were served upon various persons claimed to have been indebted to the defendants in the attachment, namely, upon one Loewenstein, one Edwards, one Hollander, and one Nettleton. It is sought to set aside the service upon Loewenstein, Edwards, and Hollander upon the ground that there was no indebtedness existing from them to the defendants in the attachment. We do not see how the question of indebtedness by the moving parties to the defendants in the attachment can be determined upon this motion. If they are not indebted, the attachment does them no harm; and, if they are indebted, then the plaintiffs are entitled to the benefit of the levy.

It is insisted that, so far as Hollander is concerned, he is the president of a foreign corporation which was indebted to the defendants, and that such indebtedness cannot be reached by the attachment. So far as the papers disclose, the attachment does not seem to have been served upon him as president of the corporation. If it had been, it might be that the levy could be set aside, precisely the same as the service of the summons upon foreign corporations would be set aside upon the proper motion where the service is made upon a person not designated by the Code. In the case at bar the service seems to have been upon Hollander personally; and, as already stated, the question whether he is indebted to the defendants, or not, cannot be determined upon such a motion as this.

In respect to the levy upon Nettleton another question arises. It appears that no certified copy of the attachment was served upon him, as required by the Code, but that a paper purporting to be a copy of the attachment was served. This was clearly irregular, and the levy was therefore ineffectual. This was not an irregularity coming within No. 37 of the general rules of practice, which requires that, in the notice of motion to set aside for irregularity,

such irregularity shall be specified. It was a question of jurisdiction, which was not acquired by the improper service of the paper. The irregularities mentioned in No. 37 seem to relate to irregularities of practice in the conduct of litigations.

We think, therefore, that the order should be affirmed so far as to deny the motion to set aside the levies as to Loewenstein, Edwards and Hollander, and that the order should be reversed as to Nettleton, and the motion to vacate the levy granted, without costs to either party. All concur.