NOMIKOS (LONDON) LTD., Plaintiff, v. CONSTANTINE A. PETROUTSIS et al., Defendants. (Action No. 1.)

JOHN J. McCLOSKEY, JR., as Sheriff of the City of New York, et al., Plaintiffs, v. AMERICAN EXPRESS COMPANY, INC., Defendant. (Action No. 2.)

Supreme Court, Special Term, Kings County, January 4, 1946.

*Bigham, Englar, Jones & Houston* for plaintiffs.

*Haight, Griffin, Deming & Gardner* for Constantine A. Petroutsis and others, defendants appearing specially.

*Carter, Ledyard & Milburn* for American Express Company, Inc., defendant.

DALY, J. In an action by the plaintiff, a British corporation, to recover from the defendants, alleged to be the owners of the Greek steamship *Salaminia*, the sum of $242,800 under a contract made in November, 1940, whereby plaintiff claims to have been employed by the defendants to act on their behalf as agent of the *Salaminia*, a warrant of attachment was granted on December 15, 1944. A certified copy thereof was served on December 16, 1944, upon the American Express Company, Inc., the attachment garnishee. The latter, on December 21, 1944, certified to the Sheriff of the City of New York that it held the following funds: $75,288.50 in a joint account in the names of Constantine A. Petroutsis and/or Basil Anastassiou Petroutsis, Piraeus, Greece; $27,612.46 deposited in the name of Constantine Mina Tanes, Piraeus, Greece, and $11,342.36 deposited in the name of George Minas Tanes, Piraeus, Greece.

On January 5, 1945, an order was made directing the service of the summons and complaint upon the defendants by publication. Service was completed on February 23, 1945. The time of the defendants to appear or answer expired on March 16, 1945, without any of them having appeared in the action or served an answer to the complaint.

On March 13, 1945, an order was made extending to June 15, 1945, the time within which an action, pursuant to the provisions of sections 922 and 943 of the Civil Practice Act, might be brought in the name of the sheriff and of the plaintiff in the principal action. Such an action was authorized by an order dated May 14, 1945, and on May 17, 1945, said action was commenced by the service of a summons and complaint upon the attachment garnishee, the American Express Company, Inc., which served its answer on June 15, 1945.

By a notice of motion dated September 21, 1945, George Minas Tanes, appearing specially, moved to vacate the warrant of attachment so far as the sum of $11,342.36 deposited in his name in the American Express Company, Inc., was concerned, upon the ground that he is not one of the persons named or described in the summons and complaint in the principal action.

By a notice of motion dated November 27, 1945, the plaintiff and the sheriff moved for summary judgment against the attachment garnishee.

By an order to show cause dated December 1, 1945, the defendants in the principal action, appearing specially, moved to vacate the attachment upon the ground (a) that " no action or special proceeding was commenced by the Sheriff or by the Sheriff and the plaintiff jointly to collect and receive the funds alleged to have been attached within the time limited by law for the commencement of such action or special proceeding " and (b) that the papers upon which the warrant was granted were insufficient because they failed to contain evidentiary facts.

The plaintiff in the principal action moved by a notice of cross motion dated December 7, 1945, for leave to serve upon the attachment garnishee *nunc pro tunc*, as of March 13, 1945, a certified copy of the order dated that day, whereby the time for the commencement of an action by the sheriff to reduce the attached funds to possession was extended to June 15, 1945.

Inasmuch as the question of jurisdiction of this court of the defendants in the principal action is presented by the last two motions, these will be considered first.

It is the contention of the defendants that the suit commenced on May 17, 1945, by the sheriff and the plaintiff jointly against

the attachment garnishee was untimely since the ninety-day period for the commencement of such an action, specified in sections 922 and 943 of the Civil Practice Act, expired on March 16, 1945, and that at no time prior to that day was a certified copy of any order extending the time for the commencement of such an action beyond the ninety-day period served on the attachment garnishee, as required by subdivision 1 of section 922 of the Civil Practice Act.

The position of the plaintiff is, on the other hand, that the warrant of attachment herein was issued on December 15, 1944; that within ninety days thereafter, i.e., on March 13, 1945, this court made an order extending the time within which an action might be brought by the plaintiff and the sheriff jointly to June 15, 1945, and that on March 13, 1945, the date upon which the extension order was signed, a copy thereof *"certified by plaintiff's attorney as being a copy of the original on file in this court"* was served upon the attachment garnishee, which thereupon acknowledged receipt of the same (italics supplied). It is urged that under the clear and unequivocal language of the statute " all that is required for continuing the validity of the attachment per se is the making of such order " and that the statute does not provide that the failure to serve the attachment garnishee with a certified copy of the order extending the time for the commencement of the action renders the levy void; and that, in any event, the form of the order as served upon the attachment garnishee satisfies the requirement for service of a certified copy of such order.

It might be well to dispose of the last contention first. A photostatic copy of the order dated March 13, 1945, as served upon the attachment garnishee had on the back thereof the following stamp subscribed by the attorneys for the plaintiff, with the blanks filled in in ink (here shown in italics): " Take notice that the within is a copy of *an order* duly made and entered this day in the within action in the Office of the Clerk of the *County of Kings.* Dated, New York, March 13 1945."

It is argued that there is no statutory requirement anywhere that certification of a document should be in any particular form or that such certification may not be made by an attorney; that the term " certify " refers to the attestation of an event; and that the certification stamp of attorneys, who are officers of the court, attesting to the authenticity of a document and the source from which it emanates, constitutes a certification.

The court is unable to agree with this view. In the absence of express authority permitting a copy of an order or other

paper to be " certified " by a particular individual, such as an attorney, the copy thereof *must* be certified by the officer or public official in whose custody the *original* order or paper is kept, in the instant case, the County Clerk of Kings County. Support for this view is found in the Civil Practice Act. Section 329 thereof provides that in the absence of a special provision for the form of a certificate, the person authorized to certify a transcript, exemplification or " *certified copy of a record or other paper* * * * must state in his certificate that it has been compared by him with the original and that it is a correct transcript therefrom and of the whole of the original." (Italics supplied.) Section 330 provides that " If the officer, or the court, body or board, in whose custody an original paper specified in the last section is required to be, * * * has, * * * an official seal, the certificate must be attested by that seal. If the certificate is made by the clerk of a county within the state, it must be attested by the seal of the county." It needs no argument, nor the citation of any authority, to demonstrate that the stamp on the back of the order served by the attorneys for the plaintiffs is not a certification under the foregoing provisions.

The principal question left for determination is whether the commencement of the instant action by the sheriff on May 17, 1945, was legally effective notwithstanding that *merely a copy* of the order extending the time in which to bring such an action was served upon the attachment garnishee on March 13, 1945.

Section 943 of the Civil Practice Act governs actions and special proceedings which may be brought by the plaintiff and the sheriff jointly in aid of an attachment. It provides in part that such an action or special proceeding " must be commenced as against any person on whom a warrant of attachment has been served within ninety days after the service of a certified copy of a warrant on such person. The effect of the failure to commence such action or special proceeding within the said period, unless the time has been extended; the method of securing extensions of time therefor, and the obligations imposed thereby * * * shall be the same as provided in said section nine hundred and twenty-two for actions or special proceedings brought by the sheriff solely."

Subdivision 2 of section 922 of the Civil Practice Act provides, in substance, that unless the time to commence the sheriff's suit had theretofore been effectively extended, as provided in subdivision 1 thereof, the levy under the warrant of attachment becomes void at the end of ninety days from the service thereof.

The first paragraph of subdivision 1 provides, in part, as follows: " In the event that the person owing any debt to the defendant \* \* \* shall fail or refuse \* \* \* to pay or assign to the sheriff the said debt \* \* \* the sheriff may \* \* \* within ninety days after the service of the certified copy of the warrant on such person, commence an action \* \* \* to collect \* \* \* all debts \* \* \* ." The third paragraph in subdivision 1, as it existed at the time that the order of March 13, 1945, was made, provides, in part, as follows: " The time within which such action or special proceeding, as hereinbefore provided, may be commenced shall be extended beyond the period of ninety days from the date of the service of the said warrant only by order of the court for good cause shown. Such an order may be granted upon *ex parte* application of plaintiff. An order thus extending the time within which such an *action or special proceeding may be commenced shall be effective* to continue all duties and liabilities of any person on whom a warrant of attachment in the action has been served, *provided that a certified copy of the said order is, prior to the expiration of the said ninety days, served upon said person."* (Italics supplied.)

While no authority directly in point has been cited by counsel in their very helpful and excellent briefs and the question here presented appears upon the court's own research to be novel, the clear and unequivocal language of the statute requires the holding that an ex parte order, such as the plaintiff here obtained on March 13, 1945, extending the time in which to bring a sheriff's suit, would be effective only if a *certified copy* of said order had been served upon the attachment garnishee prior to the expiration of the ninety days from the date of the service of the warrant of attachment. Since the copy served by the plaintiff was not certified in the manner required by law, and we are dealing here with a question of jurisdiction, this court is of the opinion that the failure to serve a certified copy of the order is a jurisdictional defect fatal to the attachment.

The remedy of attachment is statutory and because of its harsh nature the statute " should be construed, in accordance with the general rule applicable to statutes in derogation of the common law, *strictly in favor of those against whom it may be employed."* (Italics supplied.) (*Penoyar* v. *Kelsey,* 150 N. Y. 77, 80.) The levy is conditional and becomes void because of the failure to comply with section 922 of the Civil Practice Act. (*Nemeroff* v. *National City Bank of New York,* 262 App. Div. 145.) In *Pohl* v. *Comex A. G.* (N. Y. L. J., Aug. 15, 1941, p.

351, col. 3) the late Mr. Justice BERNSTEIN, in denying an application for an order extending the time of the sheriff to commence an action to reduce to his custody certain property of the defendant theretofore attached by him to a date ninety days after the entry of the order, pointed out that the ninety-day period had already expired and that " The *entry and service of a certified copy of the order applied for, within the prescribed period, thus having been made impossible, the granting of such order now would be utterly ineffective* " (italics supplied).

In *Weil* v. *Gallun* (75 App. Div. 439, 440) no certified copy of the original attachment was served as was required by the statute then in force.   Only a copy of the attachment was served. The court held that this was irregular and that the levy was, therefore, ineffectual and that the failure to serve a certified copy in accordance with the requirements of the statute was not a mere irregularity, but that " It was a question of jurisdiction which was not acquired by the improper service of the paper." *New Amsterdam Casualty Co.* v. *Nat. U. F. Ins. Co.* (236 App. Div. 494) involved an action in aid of an attachment in which the complaint alleged merely that a copy of the warrant of attachment had been duly served upon the defendant. Because it failed to allege that a certified copy of the original warrant of attachment was served, as required by section 917 of the Civil Practice Act, the Appellate Division, First Department, held the complaint legally insufficient.

It seems clear that the requirement in section 922 of the Civil Practice Act for the service within ninety days of a *certified copy* of the order extending the time to bring a sheriff's suit is no less jurisdictional, and, therefore, mandatory than the requirement for the service of a certified copy of the original warrant of attachment.   Therefore, the court is constrained to grant the motion of the defendants appearing specially to vacate the warrant of attachment, and to deny the cross motion of the plaintiff for leave to amend the copy of the order served upon the American Express Company, Inc., by adding thereto the certification of the county clerk, or, in the alternative, granting leave to serve upon said attachment garnishee *nunc pro tunc* a copy of the order dated March 13, 1945, certified by the county clerk.

In view of the foregoing disposition, the plaintiffs' motion for summary judgment must be denied and summary judgment granted in favor of the attachment garnishee dismissing the complaint.   The motion of the claimant, George Minas Tanes, has accordingly become academic.

Settle orders on five days' notice.