

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

July 17, 1952

Hon. James R. Strong
County Attorney          Opinion No. V-1479
Panola County
Carthage, Texas          Re: Fees of the county clerk
                             for preparing certified
                             copies of records of his
Dear Sir:                    office.

     You have requested an opinion of this office
in which you ask:

     What fee must be charged by a county
clerk for making certified copies of deeds,
deeds of trust, and mechanics' liens re-
corded in that office? Is there any dif-
ference in this fee when said copies are
made by photostat machine that is county-
owned and used for recording purposes in
the county clerk's office?

     Articles 6591 and 6595, V.C.S., require the
county clerk to record all deeds and deeds of trust
filed with him. Article 5453, V.C.S., provides for
the recordation of mechanics' liens by the county clerk.
Article 6600, V.C.S., provides:

     "The county clerk shall give attested
copies whenever demanded of all papers
recorded in his office; and he shall receive
for all such copies, such fees as may be
provided by law."

     Article 3930 provides in part that:

     "Clerks of the County Court shall re-
ceive the following fees:

     ". . .

     "Copies of interrogatories, cross-
interrogatories and all other papers or
records required to be copied by him, in-
including certificate and seal, where the

copy does not exceed 200 words, for each
100 words                                            .15

"Where the copy exceeds 200 words,
for each additional 100 words in excess
of 200 words                                         .15"

There is no specific provision for a fee to
be charged by the county clerk for making certified
copies of deeds, deeds of trust, and mechanics' liens.
Therefore, the general provision of Article 3930 quot-
ed above is applicable and the county clerk must charge
15 cents for each 100 words for certified copies of
deeds, deeds of trust, and mechanics' liens.

In Logan v. Mississippi Abstract Co., 190
Miss. 479, 200 So. 716, 720 (1941), it is stated:

"Conditions change; new and improved
devices are invented, and the law, to live
and serve, must adapt itself to changing
conditions, if thereby no fundamental prin-
ciple is sacrificed. The word 'copy' in
the statute includes photographic copy.
Tobin v. Knaggs, supra. Indeed, perhaps
the most accurate copy which could possibly
be made would be a photograph of the records.
. . ."

Also in Nomikos v. Petroutsis, 60 N.Y.S.2d
802 (1946) the Supreme Court of New York held that a
photostatic copy of a court order was a "copy" within
the meaning of a statute requiring that a certified
copy be served on the defendant.

Article 3930 does not provide any specific
method for making copies of records in the county
clerk's office. Therefore, we agree with you that
the same fee should be charged by the county clerk
for making copies of records in his office, regard-
less of whether they are made by hand, typewriter,
or by a device for photographing the records.

## SUMMARY

Article 3930 requires the county clerk
to charge 15 cents for each 100 words for
certified copies of deeds, deeds of trust,

and mechanics' lien on record in his office. The same fee should be charged whether the copies are made by hand, by typewriter, or by a device for photographing the records.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By *Bruce Allen*
Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:am