Metallo-Chemical Corporation, Plaintiff, *v.* Banque Trans-Atlantique Societe Anonyme, Defendant.

City Court of the City of New York, Special Term, New York County, July 12, 1946.

*John V. Browne* for defendant.
*Gunther Jacobson* for plaintiff.

COLEMAN, J. I granted a reargument of the defendant's motion so as to permit an inquiry into the effect of the " freezing order ", Executive Order No. 8389 (Code of Fed. Reg., Cum. Supp., tit. 3, p. 645) as amended (issued pursuant to Trading with the Enemy Act, § 5, subd. [b]; U. S. Code, tit. 50, Appendix, § 5, subd. [b]), upon section 922 of the Civil Practice Act. The plaintiff takes the position that since the order forbade the bank (i.e., the trust company), to yield to the attachment, at least to the extent of not paying over the " blocked account " to the sheriff in the absence of a license, there was no failure or refusal on the bank's part to pay over the indebtedness. Consequently, it says, section 922 requiring a plaintiff to sue in aid of an attachment within ninety days, where there has been such a refusal, is inoperative, at least until by the removal of the restriction of the order or by license of the Secretary of the Treasury the bank is again free to honor the attachment and pay over the indebtedness. I cannot agree with its contention. Attachment is a statutory proceeding and plaintiff unfortunately failed to comply with certain statutory requirements that are jurisdictional in character. (*Nemeroff* v. *National City Bank of New York,* 262 App. Div. 145; *Sturcke* v. *Link,* 176 Misc. 93.)

These requirements were in no way suspended by the Executive Order; nor, as *Polish Relief Comm.* v. *Banca Nationala a Rumaniei* (288 N. Y. 332) makes plain, is there any necessary conflict between the order and the New York statutes. Proceeding under both, all steps under an attachment may be taken except one; the only restraint upon the bank was that it could not pay over to the sheriff a debt which was in a " blocked account ". Short of that the plaintiff could and should have proceeded under the attachment statutes without reference to the Executive Order, and it failed to do so.

The plaintiff was not required to sue when the bank failed to pay over. But it was required to keep the attachment alive for jurisdictional purposes (Civ. Prac. Act, § 922) either by suing or by having its time to do so extended until the freezing restrictions had been removed, or a license to pay over granted. If the plaintiff, with the order still in effect, had sued the bank, the latter might have justified its refusal to pay by referring to its lack of power to do so; if judgment had gone against it, it might again rely on the order to stay its enforcement, whereas here, it admits its indebtedness to the defendant. Or it might even have been required to pay over the blocked account

to the sheriff " to the credit of this action " to await the event and the further order of the court. (*Polish Relief Comm. v. Banca Nationala a Rumaniei*, 288 N. Y. 332, 338, *supra;* Civ. Prac. Act, § 940.) But whatever the outcome of an action against the bank in aid of the attachment, the matter would remain in *statu quo* within the limitations imposed by the order. The plaintiff would be free to proceed to judgment in the principal case, but there would be no payment until the Government released its hand. Our courts will determine whether the plaintiff should succeed and whether it has proceeded in a manner that would entitle it to the benefits of an attaching creditor; the Government will not interfere with that judgment but will not permit the plaintiff to collect the amount awarded until it first decides that the receipt of the money by the plaintiff will not offend the objectives of the order and of the Trading with the Enemy Act. Thus the two provisions, State and Federal, conjoin to declare the plaintiff's right, and there is no conflict between them. The plaintiff was at no time disabled from proceeding against the bank under section 922 and it must take the consequences of its failure to do so.

Plaintiff's application for a stay pending appeal will be granted upon condition (1) that plaintiff pay into court the sums already collected by it under the judgment, to abide the final disposition of this case, and (2) that plaintiff prosecute the appeal with due diligence.

Settle order.