OLUF STURCKE, as Executrix, etc., of LOUIS STURCKE, Deceased, Plaintiff, *v.* PHILIP LINK, Defendant.

Supreme Court, Special Term, New York County, March 24, 1941.

*Kahl C. Bates*, for the plaintiff.

*Samuel Fischer*, appearing specially for the defendant for the purposes of the motion and not otherwise.

*Edward L. Kelly*, for James V. Mangano, sheriff of Kings county.

SHIENTAG, J. This is a motion by the defendant, a non-resident of this State, to vacate the warrant of attachment and levy made thereunder, and to set aside the default judgment entered herein after service on the defendant by publication.

Plaintiff sued the defendant for a breach of contract and commenced the action by an attachment and service on the defendant by publication. The defendant has not appeared personally. The warrant of attachment was levied on property in this jurisdiction, constituting the defendant's interest in his deceased brother's estate. The sheriff made this levy by serving a certified copy of the warrant on the trustee of this estate on September 25, 1940. On October 17, 1940, the trustee filed a certified copy of a schedule with the sheriff pursuant to section 918 of the Civil Practice Act listing the assets held by the trustee for the account of the defendant. On December 31, 1940, ninety-nine days after the levy, a default judgment was entered awarding the plaintiff a money judgment.

The defendant argues that the attachment herein must be declared void because subdivision 2 of section 922 of the Civil Practice Act was not complied with in any of the following respects:

(1) The sheriff did not take actual possession or obtain an assignment of the attached property within ninety days of the service of the warrant;

(2) Neither the sheriff nor the plaintiff jointly or severally has commenced any action or proceeding to obtain custody, payment or an assignment of the attached property within ninety days of the service of the warrant;

(3) The plaintiff has not applied to the court for any extension of this ninety-day period.

The defendant alleges that the attached property is capable of manual delivery and thus is clearly governed by subdivision 2 of section 922. The defendant also urges that no money judgment can be entered by a court in an action *in rem*, and, therefore, that the money judgment entered herein must be vacated for this additional reason.

The plaintiff concedes the facts to be as alleged by the defendant except that the plaintiff denies that the attached property is capable of manual delivery. However, the plaintiff contends that subdivision 2 of section 922 in no way governs the attachment involved herein for two reasons: *First*, the plaintiff argues that there is no time limitation applicable to the attachment of an interest in an estate because of subdivision 5 of section 916, which provides that the levy itself upon such an interest shall constitute a " seizure and attachment " of the interest. *Second*, the plaintiff argues that the right of the sheriff to bring an action where the summons was served by publication is not limited by subdivision 2 of section 922 but is governed by subdivision 3 of section 922, which latter subdivision contains no time limitation of any sort. In addition, the plaintiff urges that a money judgment can be entered by a court in an action *in rem*.

This is the first case involving an interpretation of the new amendments to the Civil Practice Act relating to attachments, which amendments became effective September 1, 1940 (Laws of 1940, chap. 625). These amendments were intended to abolish certain unjust rules which applied to the attachment of property (see, for example, *Anthony* v. *Wood*, 96 N. Y. 180), and provide a simple, uniform and safe method of levying attachments, protecting adverse claims to the attached property by third parties, and safeguarding attachment garnishees. (Association of the Bar of the City of N. Y., Bulletin of Committee on State Legislation, p. 197, Feb. 27, 1940; " The Streamlining of Attachment Procedure," by Prof. John F. X. Finn, 9 Fordham Law Rev. pp. 1, 2, Jan. 1940.) The amendments must be interpreted with these purposes in mind.

There can be no question that the sheriff made a valid levy upon the defendant's interest in his deceased brother's estate " by leaving a certified copy of the warrant * * * with the executor or trustee under the will." (Civ. Prac. Act, § 917, subd. 2.) It is the effect and duration of such a levy that are now in dispute.

Subdivision 2 of section 922 of the Civil Practice Act provides as follows: " In the event that within ninety days from the issuance of the warrant. unless the time has been extended as herein provided, and in that event prior to the expiration of the time as so extended, the sheriff has not taken into his actual custody all such property capable of manual delivery, or has not received payment of, or an assignment evidencing the right of, the sheriff to collect and to enforce the debts, effects or things in action attached, and if no action or special proceeding for that purpose has then been commenced by the sheriff or by the plaintiff jointly with the sheriff

as herein or hereinafter authorized, the levy shall be void as to any such personal property not so reduced to the sheriff's custody, paid, collected or assigned to him as to which no such action or special proceeding is pending, and after the expiration of such time the sheriff shall have no right thereunder to take into his actual custody any such property capable of manual delivery, or to collect or receive any such debts, effects or things in action, nor shall the sheriff or the sheriff and plaintiff jointly, have any right to commence an action or special proceeding thereunder to secure or collect the same."

Of course if the defendant's contention were correct, that the property herein attached consists entirely of property that is capable of manual delivery, then clearly the ninety-day limitation of subdivision 2 of section 922 of the Civil Practice Act would apply. However, I shall proceed on the assumption that at least part of defendant's interest herein attached consists of an interest in an undistributed and unliquidated estate and, therefore, that at least part of the property attached is not capable of manual delivery. (See *Backus* v. *Kimball*, 62 Hun, 122.)

The plaintiff first argues that the duration and effect of the levy made by the sheriff are governed by subdivision 5 of section 916 of the Civil Practice Act (originally section 648 of the Code of Civil Procedure, as amended by chapter 416 of the Laws of 1877), which subdivision refers specifically to an interest in an estate. This subdivision provides in part: " The levy of the attachment thereupon is deemed a levy upon, and a *seizure and attachment of* the rights and interest of the defendant at the time of such levy." (Italics mine.) From this the plaintiff concludes that " seizure and attachment " mean physical possession, and that consequently the sheriff actually takes an interest in an estate into his possession and custody upon service of the warrant on the executor or trustee under the decedent's will. Therefore, the plaintiff urges that the ninety-day limitation contained in subdivision 2 of section 922 of the Civil Practice Act was not intended to apply to a defendant's interest in an estate because in the eyes of the law the sheriff already has such an interest in his possession from the time of the levy.

I do not believe that subdivision 5 of section 916 can be given the significance assigned to it by the plaintiff. To begin with, section 916 itself is headed " Debt or evidence thereof; cause of action on contract, debt; claim to estate or trust fund; subject to attachment," and the section begins: " The attachment may also be levied upon:" after which follow six subdivisions of which No. 5 is presently pertinent. Thus section 916 is merely definitive of what types of

interests, debts or causes of action can be attached, and is in no way directory as to the method or effect of the levy. Section 917 of the Civil Practice Act is headed " Method of making levy." Subsequent sections deal with the various actions and proceedings which can be prosecuted in connection with the attached property. Furthermore, the words " is deemed a levy upon and a seizure and attachment of," or words of similar import, appear not only in subdivision 5 of section 916 of the Civil Practice Act but also in each and every other subdivision of section 916. Thus if the plaintiff's contention were correct, then the mere levy of the warrant would be tantamount to the sheriff's taking possession of property attached under any one of the six subdivisions of section 916. This interpretation of section 916 of the Civil Practice Act is inconsistent with the legislative intent as revealed by subsequent sections. Subdivision 2 of section 917 of the Civil Practice Act provides that a levy upon an interest in an estate of a deceased person shall be made by leaving a certified copy of the warrant with the executor or trustee under the will. This same subdivision further provides that such a levy " shall apply to *any and all* property of the defendant or debt owing to him, or to *any interest* of the defendant therein or thereto, subject to attachment, held or owed by the person on whom it is served." (Italics mine.) Finally subdivision 2 of section 917 imposes a prohibition upon any person so served from transferring or otherwise disposing of such an interest which has been levied upon " until ninety days from the date of such service." However, there is not a word in section 917 about the levy's being equivalent to the taking of possession. It might be added that subdivision 3 of section 917 is merely permissive (*Arkenburgh* v. *Arkenburgh*, 114 App. Div. 436; affd., 188 N. Y. 552), and need not be considered in disposing of this motion.

Subdivision 2 of section 922 is broadly worded so as to include such property as " property capable of manual delivery " and " debts, effects or things in action." Clearly this language is sweeping enough to embrace any property or interest upon which a valid levy has been made. Therefore, I conclude that the words " seizure and attachment," as used in section 916, merely mean that by the levy the sheriff has " seized " all of the defendant's rights to the exclusion of any subsequent lienors, subject, however, to a condition subsequent, namely, compliance with the ninety-day limitation contained in subdivision 2 of section 922.

The plaintiff also argues that the time limitation contained in subdivision 2 of section 922 does not apply to subdivision 3 of section 922, and that, therefore, the attachment here in question is still in force. Subdivision 3 of section 922 (formerly subdivision

2 of section 922) provides that " where the summons was served without the State, or by publication * * * and where the defendant has not appeared in this action, otherwise than specially, but has made default, and before entering final judgment, the sheriff in aid of such attachment, *may* maintain an action * * * to compel the discovery " of any property or interest belonging to the attachment debtor and " also *may* maintain any other action * * * which may now be maintained by a judgment creditor in a court of equity." (Italics mine.) I believe the plaintiff's position is unsound. It is true that subdivision 3 of section 922 does not contain any specific reference to a ninety-day limitation after which the levy becomes void. However, subdivision 3 of section 922 was not enacted to repeal, limit or emasculate the preceding two subdivisions of that section. It was intended to add to those preceding sections, and the language employed in subdivision 3 is permissive rather than mandatory. It has been held that old subdivision 2 of section 922 (now embodied in subdivision 3) was not " intended to take away any of the rights and remedies afforded by [former] subdivision 1." (*Monsanto* v. *Hubshman*, 129 Misc. 888. See, also, *Castriotis* v. *Guaranty Trust Co.*, 229 N. Y. 74.) Subdivision 3 of section 922 is not a separate category, but is an integral part of a whole statutory scheme. For example, section 943 of the Civil Practice Act provides for joint actions by the plaintiff and the sheriff in aid of the attachment, and further states that " Any such action which, by the provisions of section nine hundred and twenty-two, might have been brought by the sheriff * * * must be commenced * * * within ninety days after the service of a certified copy of a warrant." The effect of a failure to do this is " the same as provided in said section nine hundred and twenty-two for such actions brought by the sheriff solely." Thus section 943, by relating back to section 922 as a whole and not merely referring to subdivision 2 of section 922, reveals a desire on the part of the Legislature for uniformity and simplicity. (" The Streamlining of Attachment Procedure,' *supra*, p. 34.) It would be inconsistent with this evident purpose to except all property described in section 916 from the broadly worded time limitation imposed by subdivision 2 of section 922, and similarly the legislative intent would be thwarted were this court to accept plaintiff s interpretation of subdivision 3 of section 922  If the plaintiff or the sheriff jointly or severally fails to comply with the time limitation of subdivision 2 of section 922, the levy is void. No action can be brought thereafter in aid of the void attachment under subdivision 3 of section 922.

Perhaps ninety days is too short a time in which to require the sheriff to institute an action where an interest in an estate is involved. Subdivision 5 of section 916 specifies that the attachment is " subject to the rights of the executor, administrator or trustee of such estate to administer the same according to law." It should be noted, however, that subdivision 1 of section 922 specifically provides that the ninety-day period may be extended by a court order granted upon an *ex parte* application by the plaintiff. This protects a plaintiff who seeks to attach an interest in an estate. The plaintiff offers no reason or excuse to justify the failure to institute an action or proceeding within the ninety-day period, or to apply to the court for an extension of time.

Therefore, the defendant's motion to vacate the warrant of attachment and the levy made thereunder must be granted.

The law is clear that since the attachment and levy are void, all proceedings taken thereunder are void. Therefore, the default judgment must be vacated, since the court obtained jurisdiction only by virtue of the attachment which became void ninety days after service of the warrant and nine days before judgment was entered herein.

In view of this determination, it is unnecessary to consider in detail the defendant's contention that no money judgment can be entered by the court in an action *in rem* and that for this additional reason the default judgment entered herein must be vacated. Suffice it to say that an action *in rem* will not support a judgment *in personam* (*Kittredge* v. *Grannis*, 244 N. Y. 182); that a judgment *in rem* is only enforcible against property which has been attached (*McCarthy* v. *Culkin*, 254 N. Y. 328; Civ. Prac. Act, § 520); that as long as the recitals in the judgment show that the defendant was not served personally, the judgment can only be satisfied out of the fund attached; that at most the judgment entered herein is ambiguous but not void *per se*, and would properly be interpreted as limited to the attached property, and that such a judgment as was entered is authorized by subdivision 2 of section 493 of the Civil Practice Act.

The defendant's motion is in all respects granted.