BERNARD NEMEROFF and DANIEL E. FINN, JR., Sheriff of New York County, Respondents, v. NATIONAL CITY BANK OF NEW YORK, Appellant.

First Department, June 18, 1941.

*Lester Kissel* of counsel [*Chauncy B. Garver* with him on the brief; *Shearman & Sterling*, attorneys], for the appellant.

*Morris Berler*, for the respondents.

TOWNLEY, J. On September 11, 1940, a warrant, issued in an action entitled "*Nemeroff* v. *Garber*," was served on the defendant and a bank account in the name of Mira Garber was attached. This action was thereafter brought by the plaintiff Nemeroff and by the sheriff pursuant to section 943 of the Civil Practice Act to recover $5,044.64, the credit balance in the attached account. The summons and complaint were served on defendant on December 17, 1940, more than ninety days after the execution of the warrant of attachment and service thereof upon the defendant. The defendant in its answer sets up as a defense that the action was not commenced within the time provided by subdivision 1 of section 922 of the Civil Practice Act. This section requires that an action of the above type be commenced "within ninety days after the service of the certified copy of the warrant."

Subdivision 2 of section 922 of the Civil Practice Act provides: " In the event that within ninety days from the issuance of the warrant, *unless the time has been extended as herein provided,* and in that event prior to the expiration of the time as so extended * * * and if no action or special proceeding for that purpose has then been commenced by the sheriff or by the plaintiff jointly with the sheriff, as herein or hereinafter authorized, the levy shall be void * * * nor shall the sheriff or the sheriff and plaintiff jointly, have any right to commence an action or special proceeding thereunder to secure or collect the same." (Italics our own.) In the present case the ninety-day period expired December tenth. All obligations of the defendant under the warrant ceased on that day.

An attempt was made to save the action by an order entered on the application of the plaintiff on February 5, 1941. This order, entered *nunc pro tunc* as of December second, extended the time to commence the action to and including December 17, 1940. But under subdivision 1 of section 922, an order granting an extension of plaintiff's time to commence the action is effective only " provided that a certified copy of the said order is, prior to the expiration of the said ninety days, served upon said person." This requirement can only be complied with by the entry and service of a copy of the order within the ninety-day period. An order which purports to extend the plaintiff's time *nunc pro tunc* is, therefore, not warranted under the statutory provisions above referred to. On the failure to make and serve such an order within the ninety-day period, the levy becomes void and the plaintiff's

right to commence the action definitely expires. The order of February 5, 1941, therefore, should be reversed and the motion denied.

The basis of the action having thus fallen, the order granting summary judgment and the judgment entered thereon are without authority and should also be reversed, with costs, and the motion denied.

MARTIN, P. J., DORE and CALLAHAN, JJ., concur.

Judgment and orders unanimously reversed, with costs, and the motions denied.