In the Matter of ARTHUR E. GILLESPIE, Petitioner, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, August 27, 1947.

*Robert G. Blabey* and *Donald L. Brush* for respondent.

*Eugene B. Lichtenberg* for petitioner.

BOOKSTEIN, J.   Petitioner seeks to review a determination made by respondent, C. Chester Du Mond, as Commissioner of Agriculture and Markets of the State of New York, denying his application for a milk dealer's license and for a final order annulling the determination of said commissioner, and directing said commissioner to issue such license, for the license year ending March 31, 1948, or in the alternative, for a direction to said commissioner to hold a hearing *de novo,* or a rehearing, on petitioner's application for such milk dealer's license.

The respondent, Du Mond, appears specially and moves for an order dismissing the petition as a matter of law on the ground that the application for the relief demanded in said petition is not timely in that the thirty-day period in which the above-entitled proceeding could have been instituted pursuant to section 258-d of the Agriculture and Markets Law had already expired when said proceeding was instituted by service on the respondent of the notice of motion and petition for review.

Said section 258-d provides that the action in refusing to grant or renew a license, may be reviewed by certiorari but that the decision of the commissioner shall be final unless within thirty days from the date of service thereof upon the party affected thereby, a proceeding is instituted to review such action by certiorari.

The decision of the commissioner was served upon the petitioner on June 13, 1947, so that the thirty-day period in which this proceeding could have been instituted expired on July 12, 1947.

The petition and notice of motion for a review were not served personally upon the respondent commissioner until Tuesday, July 15, 1947.   In the absence of any facts other than those above stated, respondent's motion would of course have to be granted.

However, it appears without contradiction that on the 11th day of July, 1947, a representative of the petitioner was in

Albany for the purpose and with the intention of serving personally upon the respondent a copy of the petition and notice of motion for review, but was advised that the commissioner was out of the city until Monday or Tuesday of the following week, which would be July 14th or 15th, 1947. This meant that, while personal service had to be effected, within the thirty-day limit, not later than July 12, 1947, such service could not be effected prior to July 15, 1947.

In that situation, on July 11, 1947, petitioner's representative delivered to the Sheriff of Albany County a copy of the petition and notice of motion with directions to effect personal service thereof upon the respondent and the Sheriff of Albany County did so effect such service on July 15, 1947.

Respondent contends that such delivery as was made to the Sheriff of Albany County on July 11, 1947, of a copy of the petition and notice of motion for the purpose of serving the same upon the respondent personally and the subsequent personal service thereof on July 15, 1947, do not constitute an institution of a certiorari proceeding within the time fixed by section 258-d of the Agriculture and Markets Law.

Were this an action, rather than a special proceeding, there could be no question but that the delivery of the summons and complaint to the Sheriff, in like manner and for like purpose as the petition and notice of motion were delivered in this case, would constitute "An attempt to commence an action * * * equivalent to the commencement thereof * * *, within the meaning of each provision of" the Civil Practice Act, "which limits the time for commencing an action" (Civ. Prac. Act, § 17.)

Respondent contends however, that the provisions of section 17 of the Civil Practice Act are not applicable to this proceeding, which is a special proceeding, as distinguished from an action, in which the limitation of time within which to commence the same is fixed by the Agriculture and Markets Law, and not by the Civil Practice Act.

The contention is untenable.

In *Matter of Selwyn Realty Corporation* (184 App. Div. 355, affd. 224 N. Y. 559) the limitation of time for commencing the action was fixed by the Lien Law rather than by the Civil Practice Act and the court there held that the provisions of section 399 of the Code of Civil Procedure (now section 17 of the Civil Practice Act) were applicable. True in that case, an action, and not a special proceeding, was involved. Nevertheless, that decision clearly indicates that the provisions of section 17 of the Civil Practice Act are not limited in their applica-

tion solely to situations in which limitations of time are fixed by the Civil Practice Act, in which to commence an action, but apply also to such limitations of time as are fixed in other statutes. Thus, section 17 of the Civil Practice Act has been held applicable to an action under section 130 of the Decedent Estate Law (*Kerr* v. *St. Luke's Hospital,* 176 Misc. 610, affd. 262 App. Div. 822, affd. 287 N. Y. 673); to an action in which the limitation of time was fixed by contract, to wit, the New York standard fire insurance policy (*Hamilton* v. *Royal Insurance Co.,* 156 N. Y. 327); to an action to recover an assessment under the Insurance Law (*Conway* v. *Kaupp,* 139 Misc. 154).

It follows that there is no question but that section 17 of the Civil Practice Act applies to any action, whether the limitation of time within which to commence the action is contained in the Civil Practice Act, in some other statute or in a private contract.

There remains only to consider the question of whether section 17 of the Civil Practice Act applies to a special proceeding under article 78 of the Civil Practice Act and no case has been called to the court's attention by the counsel on either side where that question was passed upon *in such a proceeding.*

In this case, the special proceeding is authorized by section 258-d of the Agriculture and Markets Law, and section 1283 of the Civil Practice Act, provides that whenever in any statute reference is made to a writ or order of certiorari, such reference shall be deemed to refer to the proceedings authorized by article 78 thereof. Accordingly, all of the provisions of article 78 of the Civil Practice Act applicable to certiorari proceedings, apply to this proceeding.

The question then remains, does section 17 of the Civil Practice Act apply to a proceeding under article 78 of the Civil Practice Act?

As already stated, no case has been called to the court's attention in which that question has been passed upon in a proceeding under that article.

However, section 10 of article 2 of the Civil Practice Act provides as follows: " The provisions of this article apply and constitute the only rules of limitation applicable to a civil action *or special proceeding,* except in one of the following cases:

" 1. A case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties.

" 2. A case where the time to commence an action has expired when this article takes effect. *The word ' action ' contained in this article is to be construed, when it is necessary so to do, as*

*including a special proceeding or any proceeding therein or in an action.''* (Emphasis supplied.)

This would clearly indicate that section 17 of the Civil Practice Act, which is also a part of article 2 of the Civil Practice Act, applies to a proceeding under article 78 of the Civil Practice Act.

Such a conclusion seems to be borne out by the language of the Court of Appeals in *People ex rel. Northchester Corp.* v. *Miller* (288 N. Y. 163, 168) where after quoting from section 10 of the Civil Practice Act, the court said: '' Having thus assimilated actions and special proceedings the same article provides: ' § 16. When action deemed to be commenced. An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him. * * * ''

In that case, a certiorari proceeding was involved but neither the writ nor petition had been served within the time fixed by law for the commencement of the proceeding; neither had they been delivered to the sheriff for service.

Accordingly, the proceeding was dismissed but, in so doing, the court clearly held that section 16 of the Civil Practice Act, defining when an action is to be deemed commenced, by virtue of section 10 thereof, necessarily determined the question of the time when an action or special proceeding was commenced, i. e., in an action, by the service of the summons; in a special proceeding, by the service of the writ or order.

The logic of that decision applies with equal force to the conclusion that section 17 of the Civil Practice Act entitled '' Attempt to commence action in court of record,'' relates to the attempt to commence a special proceeding also.

Moreover while *Matter of Selwyn Realty Corporation* (184 App. Div. 355, affd. 224 N. Y. 559, *supra*) did not deal with an article 78 special proceeding, the court in that case at page 363, said '' that it is the settled law of this State that in all actions *or proceedings* in a court of record *the delivery of process* to the sheriff of the proper county within the time limited by statute * * * with the intention to have the same served *is equivalent to the commencement* of the action or *proceeding within said time* * * *.''* (Emphasis supplied.)

The Court of Appeals unanimously affirmed the decision of the Appellate Division in *Matter of Selwyn Realty Corporation (supra*, 224 N. Y. 559) and the Official Reporter's memorandum sets forth in full the language last quoted from the Appellate Division opinion in the *Selwyn* case, and it must be

assumed by its affirmance that the Court of Appeals expressly approved the rule as therein stated.

Accordingly it is the conclusion of this court that section 17 of the Civil Practice Act applies to a special proceeding under article 78 of the Civil Practice Act, and hence to this proceeding thereunder and under section 258-d of the Agriculture and Markets Law.

The motion of respondent to dismiss the proceeding is denied; the proceeding is adjourned to the Special Term to be held at Albany on the 12th day of September, 1947, at which time, respondent may file an answer to the petition, if he is so advised.

Submit order accordingly.