## CARROLL v. MANUFACTURERS TRUST CO.

United States District Court,
S. D. New York.

Oct. 9, 1952.

See also 198 F.2d 366.

Amen, Gans, Weisman & Butler, New York City, John Harlan Amen and James Lawrence Garrity, New York City, of counsel, for plaintiff.

Simpson, Thacher & Bartlett, New York City, William J. Granger, New York City, of counsel, for defendant.

CLANCY, District Judge.

This is a motion for summary judgment for the plaintiff pursuant to Rule 56 of the Federal Rules, 28 U.S.C.A., and a cross motion for summary judgment for the defendant.

After a warrant of attachment issued on or about September 6, 1949 in an action in which Republic of Poland was plaintiff and Pan Atlantic Inc. was defendant, plaintiff, the United States Marshal for this district, levied upon properties of Pan Atlantic, Inc., in the possession of defendant. A third party claimant on October 14, 1949, obtained an order staying plaintiff "from any and all further proceedings against the defendant Pan Atlantic, Inc." in the main action to which this is auxiliary. On December 22, 1949, plaintiff obtained an order extending the time for the plaintiff to institute action to reduce to possession the property levied upon. Both parties move for summary judgment and decision rests on the validity of this order, since this action was begun March 1, 1950.

Rule 64 says all remedies providing for the seizure of property are available under the circumstances and in the manner provided by the law of the State. The rule states two qualifications: first, any existing statute of the United States governs to the extent to which it is applicable and second, the action shall be prosecuted pursuant to the Federal Rules. Plaintiff appeals to Rule 6(b) which permits discretionary enlargements of time provided for the performance of an act "by these rules or by a notice given thereunder or by order of court", so that it has no application here. The time limit here is provided by statute as a deliberate limitation of the efficacy of the writ.

Remedies involving seizure of person and property can work hardships upon litigants and are ordinarily accompanied by safeguards against abuse. Rule 64 gives parties in this Court the same rights and duties as they would have in the State Court in such situations. The New York Legislature, with the intention of protecting the party whose property has been seized, has required a timely commencement of suit after levy. Civil Practice Act, § 922, subd. 1. This statute is to be strictly construed in favor of those against whom it may be employed. Penoyar v. Kelsey, 150 N.Y. 77, 80, 44 N.E. 788; 34 L.R.A. 248. Section 922, subd. 1, makes provision for extension of time for good cause by order of the Court. But, as has been inferred by the New York Courts, a requirement that notice of the order be served within the ninety days is a requirement that the order itself be obtained within the ninety days. Nemeroff v. National City Bank of New York, 262 App.Div. 145, 28 N.Y.S.2d 295. If this section of the New York Statute is to be applied in its entirety to the present case the order of December 22, 1949 extending the time for the plaintiff to institute action was ineffective even if good cause appeared.

Rule 6(b) has been applied with effect to worthy though neglectful parties to relieve them from default judgments when an-

swers were not served within the time limited by the rule; to obtain jury trial when the request was not timely and to set aside judgments of dismissal for lack of prosecution more than six months after their entry, etc. In no case cited by plaintiff was there involved a statutory time limitation conditioning the exercise of a right. The cross motion for summary judgment for the defendant is therefore granted.