## CARROLL v. MANUFACTURERS TRUST CO.

No. 179, Docket 22584.

United States Court of Appeals, Second Circuit.

Argued Feb. 5, 1953.

Decided Feb. 19, 1953.

Rehearing Denied April 2, 1953.

Amen, Gans, Weisman & Butler, New York City, for plaintiff-appellant; John Harlan Amen, James Lawrence Garrity and Sterling E. Cathey, New York City, counsel.

Simpson Thacher & Bartlett, New York City, for defendant-appellee; Stephen P. Duggan, Jr., and William J. Granger, New York City, counsel, Irving Parker, New York City, argued.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

On September 7, 1949 the plaintiff, United States Marshal for the Southern District of New York, pursuant to a warrant of attachment granted by Judge Conger in an action brought by the Republic of Poland against Pan Atlantic, Inc., levied upon properties of Pan Atlantic in the possession of the defendant, Manufacturers Trust Company. These properties consisted of certain bank accounts. A third party claimant obtained an order to show cause from Judge Bondy on October 14, staying the plaintiff "from any and all further proceedings" against Pan Atlantic, Inc. until a hearing and determination of a motion to vacate the attachment. On December 22 Judge Coxe signed an order extending the time in which the marshal might institute an action to reduce to possession the property of Pan Atlantic which had been levied upon for a period of fifty-three days after the entry of an order ending the stay contained in the order of Judge Bondy. On January 9, 1950, the stay was terminated by Judge Clancy. On January 16th the marshal made a second demand on the defendant for the delivery of the bank accounts which was refused. The present action was then commenced on March 1. The court below granted summary judgment for the defendant, holding that the action to reduce the deposits to possession had not been instituted within the ninety day period provided for by the applicable New York Statute, New York Civil Practice Act § 922, and that the period had not been validly extended by court order.

 It is argued on behalf of the plaintiff that Federal Rule 6(b), 28 U.S.C.A., authorized the extension of time granted by Judge Coxe. This rule provides that "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time," the court in its discretion may enlarge the period. But this rule does not authorize an extension of the time for the bringing of the present action, which under Federal Rule 64 is governed by New York law. The New York Statute provides that an extension may be made by order of court only within the ninety day period. N.Y. C.P.A. § 922(1); see Nemeroff v. National City Bank of New York, 1st Dep't, 262 App.Div. 145, 28 N.Y.S.2d 295; Nomikos Ltd. v. Petroutsis, 186 Misc. 710, 60 N.Y.S.2d 802. That period had elapsed at the time Judge Coxe extended the plaintiff's time. While it is asserted that Judge Bondy's stay automatically tolled the running of the statutory ninety days under N.Y.C.P.A. § 24, the Appellate Division of the First Department seems to have held that a stay order has no such effect, Lev v. Velaise, 1st Dep't, 274 App.Div. 923, 924, 84 N.Y.S. 906, reversing 82 N.Y.S.2d 284, and we adhere to that ruling as a governing statement of the New York law. Although the plaintiff was stayed from instituting an action to reduce the property in question to possession, no prohibition existed against his obtaining an order extending the period for bringing such a suit before the ninety days had elapsed.

In view of the foregoing, the order and judgment of the district court are affirmed.