**WORLDWIDE CARRIERS LTD.,**
Plaintiff,

v.

**ARIS STEAMSHIP CO. Ltd., Adrian Maritime Co. Ltd., Aaron Maritime Co. Ltd., Arger Navigation Co. Ltd., Intercontinental Maritime Ltd., Evie Navigation Co. Ltd., Defendants.**

No. 68 Civ. 3232.

United States District Court,
S. D. New York.

April 24, 1970.

Kreindler & Kreindler, New York City, for plaintiff; Paul S. Edelman, New York City, of counsel.

Renato C. Giallorenzi, New York City, for defendant Aris Steamship Co. Ltd.

Levin, Kreis, Ruskin & Gyory, New York City, for defendants Adrian Maritime Co. Ltd., Aaron Maritime Co. Ltd., Arger Navigation Co. Ltd., Intercontinental Maritime Ltd. and Evie Navigation Co. Ltd.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

The controversy now before me concerns a Warrant of Attachment issued in this action against the assets of the six defendants abovenamed under which levy was made upon five garnishees. Defendants have moved to vacate the levy and to discharge the attachment up-

on several grounds. Plaintiff, in turn, has brought on by order to show cause a proceeding directing turnover to the United States Marshal of monies and assets of defendant Aris alleged to be in the hands of the garnishees or in the possession of the other defendants which had been levied upon under the warrant. An evidentiary hearing has been held before me on the turnover proceeding.

The action in admiralty in which this provisional remedy was invoked is by plaintiff Worldwide as the charterer of the vessel, EVIE W, against defendant Aris as owner of that vessel and against the other five corporate defendants on the theory that they were in fact an integral part of the same corporate entity as Aris. The complaint was filed in this Court on August 8, 1968. On August 9, 1968, an Order of Attachment was granted. On August 12, 1968, pursuant to that order, the United States Marshal for this District levied upon the assets of all of the defendants in the possession or custody of five garnishees —Israel Discount Bank Ltd. (IDB), Affiliated Shipping Agency, Inc., Mark Madias, John F. Curry Agency, Inc. and Oceanic Adjustors, Ltd. by serving each with a copy of the Order of Attachment.

On August 29, 1968, a motion by all the defendants but Aris to vacate the attachment primarily upon the ground that they were not proper defendants in the action was denied 301 F.Supp. 64. On September 26, 1968, a motion by all the defendants but Aris for the discharge of the attachment as against them by posting a $500,000 bond, and for the release of their property upon which levy had been made, was granted. The $500,000 bond was duly filed on behalf of the defendants who had so moved. There has been no discharge of the attachment or levy as to the assets of Aris. None of the garnishees have turned over any of the property levied upon to the Marshal nor has there been any attornment by the garnishees to the Marshal.

On November 4, 1968, less than ninety days after the levy had been made, plain-

tiff filed in this Court a paper bearing the legend "Petition in Proceeding to Compel Payment of Debt and/or Delivery of Property Levied Upon under Order of Attachment." The paper bore the title and the file number of this action by Worldwide against Aris and the other five corporate defendants. The petition sought judgment directing that the garnishees deliver to the Marshal all property and debts of Aris in their custody and possession then or in the future.

On November 7, 1968, within ninety days after levy, a copy of this paper was served on garnishee IDB. On November 15, 1968, after the expiration of the ninety-day period from the date of levy, it was served on the other four garnishees. No notice of petition or order to show cause specifying the time and place of a hearing was filed or served.

On December 19, 1968, all the defendants except Aris moved to implement the order of September 26, 1968 discharging the attachment as against them upon the filing of their $500,000 bond and to vacate the levy on the ground that it was void because of plaintiff's failure to commence the turnover proceeding required by N.Y. CPLR § 6214(d), (e) within ninety days after levy. At the same time, Aris moved to vacate the levy on the same grounds.

On January 15, 1969, the day after the return date of defendants' motions to vacate, plaintiff obtained an order to show cause bringing on for hearing its so-called petition for turnover which had been filed on November 4, 1968. Defendants' motions to discharge the attachment and vacate the levy, and the order to show cause on the so-called turnover petition eventually were heard together before me.

Before reaching any of the questions as to ownership of assets in the hands of the garnishees raised by plaintiff's so-called turnover petition, and those raised by motion of defendants other than Aris for the discharge of their assets from attachment, it is necessary to determine whether the levy should be vacated on the ground it is void. For if the levy is void, as defendants contend, it is unnecessary to reach the other questions raised by the proceedings before me.

Under Rule 64, Fed.R.Civ.P., the plaintiff in an action in the United States District Court may avail itself of provisional remedies, including attachment, "under the circumstances and in the manner provided by the law of the state in which the District Court is held." In this case, since the plaintiff, under that rule, invoked the New York attachment remedy, N.Y. CPLR §§ 6201–6226, that provisional remedy is available to the plaintiff only under the circumstances and in the manner provided by the law of New York. Glaser v. North American Uranium and Oil Corp., 222 F.2d 552 (2d Cir. 1955); Carroll v. Manufacturers Trust Company, 14 F.R. D. 84 (S.D.N.Y.1952), aff'd 202 F.2d 714 (2d Cir. 1953). See J. Moore, Federal Practice ¶ 64.07[1]–[4] (2d ed. 1969). Cf. Preveza Shipping Co. v. Sucrest Corp., 297 F.Supp. 954 (S.D. N.Y.1969).[1]

1. It may be noted that in addition to Rule 64, the Federal Rules of Civil Procedure also contemplate the use of state law procedures in connection with service on parties whose property has been attached under state law. Rule 4(e), Fed.R. Civ.P., provides that whenever a statute or rule of a state court provides for service upon or notice to appear and respond to a party by reason of the attachment or garnishment of his property within the state, service may be made in the manner prescribed in the state statute or rule.

Rule 4(b) provides that when service is made under Rule 4(e) pursuant to state statute or rule, the summons, notice or order in lieu of summons "shall correspond as nearly as may be to that required by the [state] statute or rule."

Similarly, Supplemental Admiralty Rule B(1) provides, with respect to an admiralty claim in personam, that plaintiff may, pursuant to Fed.R.Civ.P. 4(e), "invoke the remedies provided by state law for attachment and garnishment * * *." In such case, except for one exception not

N.Y. CPLR § 6214(d) provides that where property or debts have been levied upon under a warrant of attachment, plaintiff may commence a "special proceeding against the garnishee" to compel the payment, delivery or transfer of such property or debts to the sheriff or to secure a judgment against the garnishee.[2]

N.Y. CPLR § 6214(e) provides that "at the expiration of ninety days after a levy is made * * * or of such further time as the court, upon motion of the plaintiff, has provided, the levy shall be void except as to property or debts which the sheriff has taken into his actual custody, collected or received or as to which a proceeding under subdivision (d) has been commenced." [3]

Special proceedings under the CPLR are governed by §§ 401–411. Section 401 provides that "[t]he party commencing a special proceeding shall be styled the petitioner and any adverse party the respondent." There shall be a petition complying with the requirements of a complaint and an appropriate answer. CPLR § 402. A notice of petition specifying the time and place of a hearing on the petition or an order to show cause in lieu thereof is required. CPLR § 403. The notice of petition is to be served in the same manner as a summons in an action. N.Y. CPLR § 403(c); Application of Gillespie, 190 Misc. 334, 72 N.Y.S.2d 773 (Sup.Ct. 1947); Matter of Selwyn Realty Corp., 184 App.Div. 355, 170 N.Y.S. 491 (1st Dep't), aff'd, 224 N.Y. 559, 120 N.E. 876 (1918).[4]

 In the case at bar, since the garnishees did not attorn to the Marshal, and since the Marshal failed to obtain possession of the property, the levy made on the garnishees by the Marshal became void under the provisions of CPLR § 6214(e) unless the plaintiff commenced a special proceeding to compel delivery or transfer to the Marshal of the property or debts levied upon within ninety days after the date of levy. 7A Weinstein, Korn and Miller, New York Civil Practice ¶ 6214.15 (1969) (hereinafter Weinstein, Korn & Miller); H. Peterfreund and J. McLaughlin, New York Practice 901–908 (1968) (hereinafter Peterfreund & McLaughlin).[5]

Defendants contend that no such special proceeding was commenced by the plaintiff within the requisite ninety-day period or indeed at any time and that the levy made is wholly void and must be vacated. Defendants urge (1) that the paper filed in this Court by the plaintiff on November 4, 1968 was not a petition

---

relevant here, the Supplemental Admiralty Rules regarding attachment and garnishment "do not apply to state remedies so invoked."

2. In this case the United States Marshal acted in the capacity and place of the sheriff. Hereinafter "Marshal" will be used wherever there is statutory reference to "sheriff". See Myers v. Slotkin, 13 F.R.D. 191 (E.D.N.Y.1952); Nola Electric Co., Inc. v. Reilly, 93 F.Supp. 164 (S.D.N.Y.1948), cert. denied, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685 (1951).

3. No motion to extend the time in which to bring on the special proceeding was made here.

4. In addition, CPLR § 6214(d) requires the service of the notice of petition or order to show cause on the Marshal, a requirement which was not met here.

5. In the alternative, the time to commence the special proceeding could have been extended on the motion of the plaintiff. N.Y. CPLR § 6214(b), (e). As pointed out above, no such motion was ever made. A motion to extend the time in which to bring on a special proceeding must be brought within the ninety-day period from the time of levy. If this has not been done and no special proceeding has been commenced, the levy is void. Carroll v. Manufacturers Trust Co., 14 F.R.D. 84 (S.D.N.Y.1952), aff'd 202 F.2d 714 (2d Cir. 1953); Fishman v. Sanders, 18 A.D. 2d 689, 235 N.Y.S.2d 861 2d Dep't 1962); Sturcke v. Link, 176 Misc. 93, 26 N.Y.S. 2d 748 (Sup.Ct.1941). See Lankenau v. Coggeshall & Hicks, 350 F.2d 61, 65 n. 1, 66–67 n. 6 (2d Cir. 1965); 7A Weinstein, Korn & Miller ¶ 6214.15 and cases collected at 62—137 n. 46, 62—138–139 n. 49. But see Seider v. Roth, 28 A.D.2d 698, 280 N.Y.S.2d 1005 (2d Dep't 1967).

in a special proceeding under CPLR §§ 403, 6214(d) and that no such petition was ever filed; and (2) that even had the paper filed by plaintiff conformed to the requirements of a petition in a special proceeding, the filing did not commence the special proceeding within the required time since such a proceeding under the CPLR can only be commenced by the service of the petition with notice of hearing or order to show cause. Defendants point out that no notice of hearing was ever filed, delivered to the Marshal or served on the garnishees in this case, and that the only order to show cause was obtained and served more than two months after the expiration of ninety days from the date of levy.

Plaintiff, on the other hand, contends that the paper which it filed on November 4, 1968 should be considered to be a petition in a special proceeding and that the special proceeding required by N.Y. CPLR § 6214(e) was commenced when that paper was filed in this Court. Plaintiff claims that Rule 3, Fed.R. Civ. P. rather than the N.Y. CPLR determines when the turnover proceeding, an integral part of the New York remedy of attachment, was commenced and that it was unnecessary to file and serve a notice of hearing with the petition or an order to show cause setting a hearing date within the ninety-day period prescribed by CPLR § 6214(e). I will defer for the moment the question of whether, under Rule 3, Fed.R. Civ.P., the special proceeding required by CPLR § 6214(e) can be considered to have been commenced by the mere filing of a petition in such a proceeding without complying with the requirements for the commencement of the proceeding under New York law.[6] But quite apart from this, it is apparent that under Rule 64, Fed.R. Civ. P. the attachment remedy, available to plaintiffs in the Federal courts only under the circumstances and in the manner provided by state law, must, in any event, conform in all other respects to the requirements of the CPLR.

As has already been indicated, the turnover proceedings provided by CPLR § 6214(d) and required by § 6214(e) must be commenced as "a special proceeding against the garnishee". Such a special proceeding, as the CPLR makes abundantly clear, is to be separate from the main action brought by the plaintiff against the defendants in which the provisional remedy was invoked. The special proceeding must be begun independently. N.Y. CPLR § 6214(e).[7] The requirements for such a special proceeding are laid down in plain terms in CPLR §§ 401–411, 6214(b), (d). These requirements are the same as those for an action under CPLR § 105.

The title of a special proceeding must be the named petitioner against the named respondent or respondents, who are the adversary parties. CPLR § 401. The petition so styled must comply with the requirements of a complaint. CPLR § 402. A notice of hearing corresponding to a summons must be served with the petition at least eight days before the hearing. CPLR § 403.

In the case at bar, however, the title of the so-called turnover petition filed by the plaintiff does not name the garnishees as respondents, or even mention them. On the contrary, the petition is styled and entitled in the pending main action between the plaintiff and the six corporate defendants—an action in admiralty to recover on a charter party and not as a special turnover proceeding as §§ 6214(d), and 401 require.

Moreover, plaintiff did not file the so-called petition as one in an independent special proceeding. It filed the paper under the file number of its action against the corporate defendants to recover on the charter party and did not ask for or receive a file number on the

---

6. See pp. 177–178, infra.

7. However, a motion for an extension of time in which to bring on the special proceeding may be made in the main action. CPLR § 6214(b), (e). See note 5 supra.

paper as an independent action or proceeding in this Court. While the garnishees were referred to in the body of the so-called petition, it is in the nature of an application in the pending action between plaintiff and the six corporate defendants, parties quite different from those who should have been made adversary parties in the separate and independent special proceeding required by CPLR § 6214(d). Such an application does not conform to the requirements of the statute.

Furthermore, there was no "notice of petition specifying the time and place of the hearing", as required by CPLR § 403, filed with the petition or delivered to the Marshal. No attempt was made to serve such a notice on the garnishees within the ninety-day period limited by § 6214(e) or at any time. Nor was an order to show cause obtained in lieu of a notice of petition until long after the time to do so had expired.[8] There was no reference to a date of hearing in the so-called petition itself.

While N.Y. CPLR § 6214(e) permits an extension of the ninety-day period after levy by order of the Court, such an order of extension is required to be obtained before the ninety-day period has expired in order for the extension to be effective.[9] No such order was sought either before the expiration of the ninety-day period or at any other time. The order to show cause bringing on the hearing before me was not obtained until more than sixty days after the ninety-day period had expired.

Thus, the plaintiff wholly failed to comply with the requirements of the N.Y. CPLR that a special proceeding under § 6214(d) be commenced before the expiration of ninety days after the

levy had been made. Indeed, no special proceeding at all was so commenced by the plaintiff and the levy became wholly void at the expiration of ninety days as § 6214(e) provides.

■ Provisional remedies such as attachment are harsh in nature and in derogation of the common law. They place property of parties under restraint and may affect their substantial rights before any determination has been made on the merits of the controversy. Thus there is every reason why procedures to obtain or enforce provisional remedies prescribed by statute should be required to be strictly complied with and are to be strictly construed in favor of those against whom they are employed. E. g., Carroll v. Manufacturers Trust Co., 14 F.R.D. 84 (S.D.N.Y.1956), aff'd, 202 F. 2d 714 (2d Cir. 1953); Penoyar v. Kelsey, 150 N.Y. 77, 44 N.E. 788 (1896). See H. Peterfreund and J. McLaughlin 863 n. 3 (1968). Here, far from strict compliance, there was no compliance at all.

■ Plaintiff seeks to overcome its failure to comply with the requirements of the CPLR by arguing that since Rule 3, Fed.R. Civ.P. provides that a civil action is commenced by the filing of a complaint with the court and the special proceeding contemplated by § 6214(d) CPLR is a "civil action", under Rule 2, Fed.R. Civ.P., the filing of its so-called petition with the Court within ninety days of the levy constituted the "commencement" of the special proceeding required by CPLR § 6214(e). Hence, plaintiff contends that the state procedural requirements were complied with. These contentions are not well taken.

8. Even if Rule 3, Fed.R.Civ.P. governed the commencement of the independent special proceeding, which is not the case here, see pages 177–178, infra, Rule 4, which governs service, was not complied with. Plaintiff was required to use due diligence to secure the issuance of a notice of petition or order to show cause (the equivalent of a summons) and service by

the Marshal of such a notice or order together with the petition on the garnishees. Fed.R.Civ.P. 4(a), (d); J. Moore, Federal Practice ¶ 4.06–1 at 982–983 and cases collected at n. 13 (2d ed. 1969). This was not done.

9. See authorities cited supra n. 5.

In the first place, as has already been pointed out, the paper which plaintiff filed was not a petition in an independent proceeding corresponding with a complaint in a civil action. Thus the filing of such a paper could not have commenced the required special proceeding even if Rule 3 applied.

Secondly, in any event, Rule 3, Fed.R. Civ.P. is not controlling in view of the express requirements of Rule 64, Fed.R. Civ.P. that provisional remedies are available only under the circumstances and in the manner provided by state law. E. g., Carrol v. Manufacturers Trust Co., supra.

The situation in this case is not analogous to that presented by Sylvestri v. Warner & Swasey Co., 398 F.2d 598 (2d Cir. 1968) holding that Rule 3, Fed. R. Civ.P. is the proper measure of the commencement of an action for purposes of tolling a state statute of limitations. Nor is it necessary to go into Chief Judge Lumbard's enlightening discussion there of the effect of Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) on Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) and the extent to which Hanna modified or overruled Ragan.

For here, unlike Sylvestri, the question is not whether a federal rather than a state rule should govern commencement for statute of limitations purposes. The question is whether Rule 3 should govern the commencement of the independent special proceeding required under the state provisional remedies statute where another federal rule—Rule 64 —specifically directs that state law govern the provisional remedies invoked in the Federal Court. Since the specific command of the Federal Rules is to look to the state procedure, Carroll v. Manufacturers Trust Co., supra, Sylvestri does not control. There is no occasion here,

as there was in Sylvestri, for the Court to determine as a matter of policy whether state or federal rules should govern, for the federal rules themselves make it clear that state practice must be followed.

It may be noted, moreover, that regardless of the extent to which Ragan was modified by Hanna "it is apparent that the Supreme Court is still willing to recognize some limits upon the application of Rule 3", as Sylvestri points out, 398 F.2d at 605. Consideration of the factors underlying the choice between state and federal law discussed in Sylvestri, 398 F.2d at 605–606 would dictate the choice of state law rather than Rule 3 to govern the commencement of the special proceeding in aid of the state provisional remedy of attachment invoked in the Federal Court, even if Rule 64 did not so clearly require that state law be applicable.

■ I hold that plaintiff failed to commence a special turnover proceeding within ninety days of levy upon the garnishees, as required by CPLR § 6214(e). The levy is therefore void and will be vacated. The garnishees are no longer under any obligation to restrain the disposition of the property of the defendant Aris. The attachment as to the property of the other five defendants was discharged by the order of this Court of September 26, 1968 when they posted the required $500,000 bond and such property was thereupon to be released. The garnishees are under no obligation to restrain the disposition of the property of the five defendants other than Aris.

This holding makes it unnecessary to pass on the questions raised in the so-called turnover proceeding, which will be dismissed.

Settle order on notice.