**In re Claude Schultz HILL a/k/a Claude S. Hill, Debtor.**

**Claude Schultz HILL, Plaintiff,**

**v.**

**Robert MARCELLA, Defendant.**

Bankruptcy No. 3–85–00312.
Adv. No. 3–85–0989.

United States Bankruptcy Court,
E.D. Tennessee.

Jan. 13, 1986.

Morton, Lewis, King & Krieg, John M. Neal, Knoxville, Tenn., for plaintiff.

Baker, Worthington, Crossley, Stansberry & Woolf, R. Louis Crossley, Jr., Knoxville, Tenn., for defendant.

CLIVE W. BARE, Bankruptcy Judge.

Claude S. Hill, debtor in possession, asks the court to void any lien defendant Robert Marcella claims against certain stock certificates and $610.00 cash in the custody of the United States Marshal for the Southern District of New York. Hill contends a prejudgment levy obtained by Marcella expired because Marcella failed to commence a "special proceeding" extending the life of the levy. N.Y.Civ.Prac.Law § 6214(e) (McKinney 1980). Marcella asserts he did in fact timely commence a proceeding to compel Hill to deliver attachment property, thereby extending the life of the levy under New York law. The parties cite conflicting case law. The issue is governed by New York law.

I

On March 7, 1983, Marcella filed a complaint in the district court for the Southern District of New York against Claude Hill and three corporations whose stock is owned solely by Hill. More than one year later, on June 22, 1984, the district court entered a prejudgment order of attachment against Hill reciting in part:

ORDERED, that the United States Marshal for the Southern District of New York and the United States Marshal

for any District within New York State are directed to levy within their jurisdiction, at any time before final judgment, upon such property in which the said defendant Claude S. Hill has an interest and upon such debts owing to the said defendant as will satisfy the amount of $795,000, which represents the plaintiff's demand together with probable interest, costs and Marshal's fees and expense. . . .

On June 25, 1984, the order of attachment was delivered to the marshal, who in turn served Hill with the order on August 2, 1984. Hill executed a statement, dated August 13, 1984, certifying in part that when the order of attachment was served on him he owned no property located in the Southern District of New York and no debts were owing to him in that district, except a checking account with a balance of $123.54.

On September 20, 1984, Arthur Kokot, Marcella's attorney in the New York action, executed an affidavit providing in part:

> 1. I am a member of Kay Collyer & Boose, attorneys for plaintiff Robert Marcella ("Marcella") and make this affidavit in support of Marcella's motion, pursuant to Fed.R.Civ.P. 64 and [NY] CPLR 6219, 6220 and 6214(d), to compel defendant Claude S. Hill ("Hill") and garnishees ARP Films, Inc., Westchester Films Inc. and Westchester Merchandising Corp. (collectively the "Garnishees") to disclose, pay and deliver to plaintiff all property in their possession or custody in which Hill has an interest and all debts owing to Hill, and to hold Hill and the Garnishees in contempt for failing to comply with this Court's order of attachment.

Kokot further averred Hill and the garnishees had failed to deliver or disclose property subject to the attachment order and that they should be held in contempt. In conclusion, Kokot requested the court to grant Marcella's motion[1] to compel Hill and the garnishees to disclose and deliver all property in which Hill had an interest and all debts owed to Hill. Kokot also requested a finding of contempt. On September 25, 1984, the district court entered a show cause order. Thereafter, on October 5, 1984, the district court ordered Hill to appear for an examination at Kokot's office and to "answer all questions as to any property in which Hill has an interest or any debts owing to Hill. . . ."

At a December 13, 1984 hearing on Marcella's motion for implementation of the attachment order entered June 22, 1984, following an off the record discussion, District Judge Pollack stated:

> The plaintiff [Marcella] contends that the directions of that attachment order have been flouted. We have reached the point where I asked the plaintiff's attorney what it was that was not turned over to the marshal, and the first statement that was made had to do with stock certificates of the respective corporations involved, and when I inquired about that, Mr. Gotbetter, speaking for Mr. Hill, announced that Mrs. Hill has those stock certificates and that she declines to turn them over.

> I then said that, if necessary, this court will issue the appropriate directions to the United States Court for the District of Tennessee to enforce any requirements of this court that should be enforced, if that is the distance you want this court to go.[2]

On January 8, 1985, District Judge Pollack signed an Order of Attachment and Restraint and For Disclosure, in part, directing the marshal for the Southern District of New York "to levy, at any time before final judgment, upon such property in this District in which the defendant Claude S. Hill ("Hill"), ARP Films, Inc., Westchester Films, Inc., Westchester Merchandising Corp., Centaur Distribution Co., Inc., and Kid-Vid Inc. (the "Corporations"), or any of them, has an interest and upon such debts owing to the said parties as will

---

1. The record in this proceeding does not include a copy of Marcella's motion.

2. Mrs. Hill resided in Tennessee at the time of the December 13, 1984 hearing.

satisfy the amount of $795,000...." The order further directed Hill to deliver to the marshal all of his stock in each of the five corporations, even though the stock certificates were reportedly in Tennessee in the custody of Hill's wife. On January 22, 1985, counsel for Mrs. Hill hand delivered to the marshal stock certificates representing: (1) 1,000 shares in ARP Films, Inc.; (2) 12,500 shares in Centaur Distribution Co., Inc.; (3) 500 shares in Westchester Films, Inc.; and (4) 20 shares in Westchester Merchandising Corp.

On February 27, 1985, the district court entered judgment against Hill and ARP Films, Inc. in the respective amounts of $221,760.00 and $163,553.00. The judgment was amended on March 15, 1985, to increase to $176,874.00 the judgment amount against ARP Films, Inc. The district court dismissed several corporate counterclaims against Marcella. The judgment also provides that, with an exception for Hill's salary payment from ARP Films, Inc., the attachments and restraints against Hill and ARP Films, Inc. shall subsist until the judgment in Marcella's favor is fully satisfied. Hill filed a notice of appeal of the judgment but sought relief only insofar as the judgment is adverse to the corporations in which he owns the stock.

On March 7, 1985, only eight days after entry of the district court judgment, Hill filed his chapter 11 petition. Hill is solvent according to his schedules, which reflect debts totaling $648,710.00 and assets valued at $2,110,499.00.

## II

In his amended complaint Hill asserts the rights of a judicial lien creditor. 11 U.S.C.A. § 544(a)(1) (Supp.1985).[3] But Marcella asserts his rights as an attaching creditor, arising as of the delivery of the attachment order to the marshal on June 25, 1984, are superior to the world under New York law to the extent of the amount of the attachment, except as to: (1) a transferee acquiring the property before it was levied upon for fair consideration or without knowledge of the order of attachment, or (2) a transferee who acquired the property for fair consideration after it was levied upon without knowledge of the levy while it was not in the possession of the levying officer. N.Y.Civ.Prac.Law § 6203 (McKinney 1980). However, U.C.C. § 8–317(1) as enacted in New York provides that an attachment or levy upon an outstanding security is not valid until the security is actually seized by the officer making the attachment or levy. In any event, the marshal acquired custody of the stock certificates more than six weeks prior to commencement of Hill's bankruptcy case.

N.Y.Civ.Prac.Law § 6214 (McKinney 1980) enacts in part:

*Levy upon personal property by service of order*

*(a) Method of levy.* The sheriff shall levy upon any interest of the defendant in personal property, or upon any debt owed to the defendant, by serving a copy of the order of attachment upon the garnishee, or upon the defendant if property to be levied upon is in the defendant's possession or custody, in the same manner as a summons.... '

.    .    .    .    .

*(d) Proceeding to compel payment or delivery.* Where property or debts have been levied upon by service of an order of attachment, the plaintiff may commence a special proceeding against the garnishee served with the order to compel the payment, delivery or transfer to the sheriff of such property or debts, or to secure a judgment against the garnishee. Notice of petition shall also be served upon the parties to the action and the sheriff. A garnishee may interpose any defense or counterclaim which he might have interposed against the defendant if sued by him. The court may

---

**3.** Hill withdrew his original assertion that Marcella's lien claim is a statutory lien avoidable under 11 U.S.C.A. § 545(2) (Supp.1985). See 11 U.S.C.A. § 101(45) (Supp.1985) for the definition of "statutory lien."

permit any adverse claimant to intervene in the proceeding and may determine his rights in accordance with section 6221.

*(e) Failure to proceed.* At the expiration of ninety days after a levy is made by service of the order of attachment, or of such further time as the court, upon motion of the plaintiff on notice to the parties to the action, has provided, the levy shall be void except as to property or debts which the sheriff has taken into his actual custody, collected or received or as to which a proceeding under subdivision (d) has been commenced.

So, to perpetuate a levy pursuant to an order of attachment beyond the ninety-day period after service of the order of attachment, an officer must have taken actual custody of property or the attaching creditor must either commence a special proceeding or obtain an extension of time pursuant to motion. *Seider v. Roth,* 28 A.D.2d 698, 280 N.Y.S.2d 1005 (N.Y.App.Div.1967).

Citing *Worldwide Carriers Ltd. v. Aris S.S. Co.,* 312 F.Supp. 172 (S.D.N.Y.1970), Hill contends Marcella's prejudgment levy expired because Marcella did not commence a special proceeding, separate from the main action, within ninety (90) days after service of the attachment order on August 2, 1984. Relying on a subsequent state court decision, *Simpson v. Loehmann,* 365 N.Y.S.2d 368 (N.Y.Sup.Ct.1975), Marcella insists the levy did not expire because his motion by order to show cause to compel delivery is within the scope of § 6214(d).

In *Worldwide Carriers,* a suit against Aris and five other corporate defendants, plaintiff Worldwide obtained an attachment order pursuant to which the marshal levied upon the assets of all six defendants in the possession of five garnishees, none of whom were parties to the action. A motion by all of the defendants except Aris for discharge of the attachment in exchange for their posting a $500,000.00 bond was granted. The bond was duly posted. None of the garnishees turned over to the marshal any of the property levied upon. Less than ninety (90) days after the levy Worldwide filed a paper entitled "Petition in Pro-ceeding to Compel Payment of Debt and/or Delivery of Property Levied Upon under Order of Attachment." Only one of the five garnishees was served with the petition within ninety (90) days after the levy. No notice of the petition or order to show cause fixing a time for a hearing was filed or served. All defendants except Aris moved to implement the order discharging the attachment upon their posting the $500,000.00 bond and to vacate the levy, contending it was void due to Worldwide's failure to commence the turnover proceeding required by § 6214(d) and (e) within ninety (90) days after the levy. Thereafter Worldwide obtained an order to show cause bringing on for hearing its previously filed petition. The court, after observing no notice fixing a time for a hearing was served on the garnishees at any time, stated "[n]or was an order to show cause obtained in lieu of a notice of petition until long after the time to do so had expired." *Worldwide Carriers,* 312 F.Supp. at 177. Concluding a special proceeding against a garnishee within the scope of § 6214(d) must be separate from the main action, the court vacated the levy because Worldwide failed to commence a special turnover proceeding within ninety (90) days of the levy upon the garnishees. The court specifically found that Worldwide's "Petition in Proceeding to Compel Payment of Debt and/or Delivery of Property Levied Upon under Order of Attachment" did not satisfy the requirements of § 6214(d).

However, the court in *Simpson v. Loehmann,* 81 Misc.2d 386, 365 N.Y.S.2d 368 (N.Y.Sup.Ct.1975), contrary to the conclusion in *Worldwide Carriers,* held that § 6214(d) does not require an independent proceeding separate from the main action. *Simpson* involved a personal injury action against an insured defendant. By way of motion plaintiffs sought judgment, pursuant to § 6214(d), directing defendant's insurer to turn over money sufficient to satisfy their judgment against the insured defendant. The opinion of the court recites in material part:

> *The motion* by plaintiffs to direct payment by the insurer as garnishee of

so much of the proceeds of the attached policy as is sufficient to satisfy the verdict, with interest, costs and disbursements in the action, plus poundage and sheriff's fees and expenses, all as provided for in both the original and additional orders of attachment, *is, though not specifically so designated, a special proceeding in the nature of a turnover proceeding brought pursuant to CPLR § 6214(d)*. Although the parties have not addressed themselves to the propriety of such procedure in this case, and no cases have been cited or found so ruling, *the procedure here adopted, in lieu of a separate plenary action brought against the insurer, appears to be proper and within the compass of the statute*. CPLR 6214(d) represents a significant change from the former practice which placed the onus on the sheriff, either with or without joinder of the plaintiff, to bring a plenary action against the garnishee to enforce a levy. CPLR § 6214(d) authorizes a simplified procedure by which the plaintiff may bring a special proceeding against the garnishee for delivery of property to the sheriff. As in the case of other special proceedings, if a hearing or trial be deemed necessary, such may be directed by the court. (CPLR § 410).

*Simpson*, 365 N.Y.S.2d at 374 (emphasis added).

■ This court believes *Simpson*, decided five years after *Worldwide Carriers*, represents the better rule. Section 104 of the N.Y.Civ.Prac.Law provides: "The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding." To require a separate proceeding to perpetuate a levy seems hypertechnical where notice is properly given to all concerned. Further, the instant proceeding is factually distinguishable from *Worldwide Carriers*. Marcella did obtain a show cause order prior to ninety (90) days

after the levy. According to the affidavit of personal service of Earle Hodge, on September 25, 1984, he served the order to show cause upon Howard Gotbetter, attorney for Hill and the corporate defendants in the New York action.[4]

The court finds that Marcella's motion by order to show cause to compel delivery is within the circumscription of § 6214(d). Hence, the levy is not void for failure to proceed.

### III

■ Contending the only property subject to attachment was property located in the Southern District of New York, Hill asserts the stock certificates in the possession of his wife in Tennessee were not subject to attachment or levy by the New York marshal. Assuming arguendo Hill is correct, the fact remains that the stock certificates were brought into, and delivered to the marshal for, the Southern District of New York on or about January 22, 1985. The stock certificates were subject to the Marcella levy on that date.

Hill maintains the stock certificates were delivered to the marshal because of the threat of injunction or sanctions pursuant to Judge Pollack's January 8, 1985 order. Yet, Hill did not appeal the order directing him to deliver the stock certificates. Instead he apparently acquiesced in the turnover to the marshal. If Hill wished to challenge the propriety of Judge Pollack's January 8, 1985 turnover order he should have filed a notice of appeal to the Second Circuit Court of Appeals. As it is, the marshal obtained possession of the stock certificates in question at a time when Marcella's levy subsisted. Further, the February 27, 1985 district court judgment against Hill recites in part: "ORDERED that the attachments and restraints against Claude S. Hill and ARP Films, Inc. shall stand until the judgment herein in favor of plaintiff Robert Marcella is fully satis-

---

**4.** Accordingly, ARP Films, Inc., Westchester Films, Inc. and Centaur Distributing Co., Inc., unlike the garnishees in *Worldwide Carriers*, had notice of Marcella's request to enforce the levy. It is not clear, however, whether two other garnishees, Kid-Vid, Inc. and Westchester Merchandising Corp., were served with the show cause order.

fied...." Hill did not appeal this portion of the judgment against him personally.[5]

In conclusion, Marcella's claim is secured by a lien against the stock certificates and the $610.00 in cash in the marshal's custody; as a debtor in possession Hill's rights under 11 U.S.C.A. § 544(a)(1) (Supp.1985) are not superior to Marcella's lien.[6] Accordingly, Hill's motion for summary judgment is DENIED, and Marcella's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

See also 53 B.R. 458.

Norman S. Buckvar, McCarthy, Lebit, Crystal, Kleinman & Haiman Co., Cleveland, Ohio, Stirling Lathrop, Richard D. Greenfield, Nicholas E. Chimicles, Greenfield & Chimicles, Haverford, Pa., and Robert H. Levin, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Morris Glassman.

Gail E. Sindell, H. Jeffrey Schwartzberg, Daniel D. Domozick, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for debtor, debtor-in-possession.

---

5. In his brief in support of his motion for summary judgment, Hill states: "8. Debtor filed a timely notice of appeal of the judgment in the Southern District of New York, but sought relief from the Court of Appeals only as to the judgments against his corporations."

6. Hill's contentions that the district court judgment is not final and that Marcella's lien is inchoate are without merit. His argument that no final judgment was entered against him until after his bankruptcy petition was filed because an amended judgment, simply increasing the amount of the judgment against ARP Films, Inc., was filed postpetition is frivolous.