■ BESS FISHMAN et al., Appellants, v. ROBERT H. SANDERS, Defendant. INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, Respondent.—In an action to recover damages for injury to person and property, allegedly sustained through defendant Sanders' negligence in the operation of his automobile, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated August 6, 1962, which granted a motion by the respondent Indiana Lumbermens Mutual Insurance Company to vacate a levy made by the Sheriff pursuant to a warrant of attachment against a liability insurance policy issued by said insurance company to the defendant Sanders. Order affirmed, with $10 costs and disbursements. The accident giving rise to the action occurred in Westchester County on May 8, 1959. On that date, defendant Sanders was insured against personal injury and property damage liability under a policy, dated August 8, 1958, issued by respondent insurance company. After unsuccessful attempts by plaintiff to serve defendant with process, personally and under section 52-a of the Vehicle and Traffic Law (see *Fishman* v. *Sanders*, 13 A D 2d 993), plaintiffs obtained a warrant of attachment on "the contract obligation or liability contained in or represented by" the above-mentioned liability insurance policy. A levy under the warrant was made by the Sheriff of Albany County on February 13, 1962 by service of the warrant on respondent at its office in Albany. By notice of motion dated May 21, 1962, respondent moved to vacate the levy on two grounds: (1) that it was void, pursuant to subdivision 2 of section 922 of the Civil Practice Act, as "more than ninety days have expired since the making of said levy, and although said time has not been extended, said Sheriff has not taken into his actual custody said policy of insurance, nor has he received payment, or an assignment evidencing the right of said Sheriff to collect and enforce said debt, effects or things in action attached, nor has an action or special proceeding for that purpose been commenced by the Sheriff or by the plaintiffs jointly with the Sheriff"; and (2) that defendant Sanders' interest in the policy was purely contingent and not attachable. The Special Term granted the motion to vacate the levy on the second ground stated, finding it unnecessary, therefore, to pass upon the first ground. It is our opinion that respondent's contractual obligation to defend and indemnify defendant is a debt or cause of action capable of being attached within the purview of section 916 of the Civil Practice Act (*Matter of Riggle*, 11 A D 2d 51, affd. 11 N Y 2d 73; cf. *Grand Union Co.* v. *General Acc., Fire & Life Assur. Corp.*, 254 App. Div. 274, affd. 279 N. Y. 638; *Baumgold Bros.* v. *Schwarzschild Bros.*, 276 App. Div. 158, affd. 302 N. Y. 628). We are also of the opinion, however, that section 922 of the Civil Practice Act requires that in every case of a levy under a warrant of attachment, whether it be on tangible or intangible property, some action must be taken by the Sheriff as therein provided to obtain possession or control over the property attached. Since

it is undisputed that there has been no attempt by the Sheriff, or by the Sheriff and plaintiffs jointly, to comply with section 922 within the 90-day period therein specified, and since no extension of time therefor has been obtained as provided therein, the levy has become void and must be vacated (cf. *Nemeroff* v. *National City Bank of New York*, 262 App. Div. 145). Ughetta, Brennan, Hill and Hopkins, JJ., concur; Beldock, P. J., concurs in the result, with the following memorandum: In my opinion, only the insurer's obligation to defend is attachable because only that obligation arose absolutely on the happening of the accident. The obligation to indemnify is not attachable because indemnification is contingent upon an ultimate adjudication of the defendant's liability to the plaintiffs.