■ FREEDOM DISCOUNT CORP., Appellant, v. JOHN CLUNE et al., Respondents.— Appeals from three orders of the Supreme Court, Westchester County, respectively entered October 30, 1968, December 27, 1968 and February 14, 1969, as follows: (1) the appeal from the first order, as limited by appellant's brief, is from so much of the order as, on defendants' motion, directed plaintiff and the Sheriff of New York City to repay to defendant John Clune certain sums of money; and (2) the second order granted to a stated extent defendants' motion to compel compliance with the first order and denied plaintiff's cross motion for reargument (on new or additional facts) of defendants' motion and for resettlement of the October 30, 1968 order; the third order duplicated the determination in the second order; and the appeals from the latter two orders are from their entirety. Appeal from the order of December 27, 1968 dismissed, without costs, as academic. That order was superseded by the order of February 14, 1969. Order of October 30, 1968 reversed insofar as appealed from, on the law and the facts, and, in addition to the extent to which defendants' motion remains granted, the motion is granted to the further extent that plaintiff is directed to return to the Sheriff of the City of New

York the sum of $611.41 and said Sheriff is directed to retain that sum plus the sum of $273.12 now in his hands until final determination of the substantive issue of this litigation. Order of February 14, 1969 reversed, on the law and the facts, insofar as it granted defendants' motion to compel compliance with the order of October 30, 1968; and said motion denied. Appeal from so much of the order of February 14, 1969 as denied plaintiff's cross motion dismissed, as academic in view of the determination herein on the appeal from the order of October 30, 1968. Appellant is granted one bill of $20 costs and disbursements to cover all the appeals. In this action instituted in December, 1965 to recover upon a retail installment sale agreement, plaintiff entered a default judgment on July 8, 1966 for $1,549.96. Thereafter, pursuant to defendants' motion to vacate the judgment, an order was made which allowed them to answer the complaint. Prior thereto, the court had struck out a provision in the proposed order which would have permitted the judgment to stand as security and had failed to insert one vacating the judgment. This created confusion. The judgment was not specifically vacated until August 19, 1968, when the July, 1966 order was resettled. In the interim, plaintiff did two things: (1) on August 4, 1966 it obtained an order of attachment on the ground that defendants were nonresidents of this State; pursuant thereto, the Sheriff levied on defendant John Clune's wages owed him by his employer, the New York Central Railroad (now Penn-Central); on September 19, 1966 the railroad remitted to the Sheriff two checks totalling $64.51, or 10% of the wages then due; and (2) on or about November 7, 1966, still insisting that it had a valid judgment, plaintiff caused an income execution to be issued; this too was served on the railroad which remitted $919.34 to the Sheriff; of this, $611.41 was sent to plaintiff's attorney and $273.12 was retained (poundage and levy fees were $32.31 and $2.50 respectively). After the resettlement order, defendants made a motion to compel plaintiff and the Sheriff to return all moneys obtained as a result of the income execution. This resulted in the order dated October 30, 1968, which directed repayment to defendant John Clune, $611.41 by plaintiff and $273.12 by the Sheriff, and permitted the Sheriff to retain $34.81 as poundage and fees, as well as the $64.51 collected as a result of the attachment order. Special Term also held that the order of attachment had expired 90 days after it was issued. Between the time when plaintiff learned of that decision and the time of service of a certified copy of that order, it sent the Sheriff a copy of the attachment order originally obtained in August, 1966, with the request that the Sheriff levy on the $611.41 then held by plaintiff. Thereafter, because plaintiff and the Sheriff had failed to comply with the order of October 30, 1968, defendants moved to compel them to do so. By the order dated February 14, 1969, Special Term directed the Sheriff, who then held all the funds, to "turn over to defendants all sums in his possession derived directly or indirectly from any levy or enforcement upon the assets of defendants by this plaintiff except the sum of $34.81 poundage, and $64.51 under attachment." In our opinion, the income execution issued on or about November 7, 1966 was void because the judgment on which it was based was vacated on July 26, 1966. The order of resettlement applied retroactively, *nunc pro tunc* (*Merrick* v. *Merrick*, 266 N. Y. 120, 122). However, Special Term erred in holding that the order of attachment expired 90 days after it was made. There is a distinction between an order of attachment and the levy made pursuant to the order. It is only under those circumstances stated in CPLR 6214 (subd. [e]) that a levy, and not an order of attachment, expires 90 days after it is made. Here, under a valid order of attachment, plaintiff could have the Sheriff levy on those funds accumulated under the void income execution. The Sheriff should retain said funds pending final

determination of the substantive issue of this litigation. Beldock, P. J., Christ, Rabin, Munder and Martuscello, JJ., concur.