Jobs' B„ Tehhet, J.
Defendant is <a resident of the State of Ohio, and plaintiff’s cause of action arose in that State. Plaintiff has acquired in rem jurisdiction over defendant by attaching Ms interest in an insurance policy. (Seider v. Roth, 17 N Y 2d 111; Simpson v. Loehmann, 21 N Y 2d 305.)
Defendant, appearing specially (not necessary under CPLR 6223), moves to vacate the attachment. He contends that the attachment is defective because the Sheriff has not levied on any specific property within 90 days (CPLR 6214, subd. [e]) and has not complied with CPLR 6218 (subd. [b]) in filing an inventory.
Accompanying plaintiff’s opposing papers is a copy of the affidavit of service specifying the name of the person served. Defendant does not object to service nor does he deny the existence of the insurance policy and the authorization of the company in New York.
The Seider doctrine is not without its critics. (Simpson v. Loehmann, supra, Breitel, J., concurring [pp. 314, 316], Burke, J., dissenting [p. 316].) In establishing in rem jurisdiction through attachment of (1) the obligation to defend before jurisdiction is acquired or (2) the obligation to indemnify, a nonexistent intangible, which may never materialize, the court has reached far beyond any legislative intent. Nevertheless, the decision does not relieve plaintiff from the statutory obliga *808 tions established by the Legislature regarding an attachment. However, to compel the Sheriff to seize assets of the insurance company under CPLR 6214 (subd. [e]) places too great a risk upon Mm and is patently unfair to the company and probably unconstitutional. Thus, there is no possibility for the Sheriff to take custody of anything which would warn subsequent lienors and also protect the plaintiff.
In Glassman v. Hyder (28 A D 2d 974) the order of attachment was deemed ineffective because there was no debt (unpaid rents) due at the time of service. Assuming the 8eider decision (supra) considered this problem and holds that there was a debt of some sort in existence, it does not provide for the requirements of section 6214 (subd. [e]). If an order of attachment has a continuing effect and an effective levy applies to subsequently acquired property by the garnishee, can it be effective for more than 90 days? (See 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6214.07.) Unless there has been an extension of time by the court or action by the Sheriff in taMng custody of some property, the levy is void.
Under CPLR 6214 (subd. [d]) plaintiff may commence a special proceeding against the garnishee. Again, some text writers feel that this section’s prime purpose is to compel the delivery of the defendant’s property to the Sheriff. (See 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6214.13.) However, the special proceeding may also loe used ‘ ‘ to secure a judgment against the garnishee ”. How a judgment against the garnishee may be attained before liability has been established against the defendant is not discussed.
It seems that the only real remedy available for plaintiff is to apply to the court for an extension of time. CPLR 6214 (subd. [e]) is worded broadly enough to permit a court to grant an extension after the levy becomes void as long as any rights in the property or debt acquired by a third person are protected. (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6214.15.)
Since plaintiff has not taken any action to extend the time of the levy, defendant’s motion to vacate the attachment should be granted. However, in order to avoid unnecessary duplication of effort, the court will grant the order conditionally. (CPLR 6223.) Thus, the plaintiff shall have 20 days in which to move for an extension of the levy pursuant to CPLR 6214 (subd. [e]). He should establish that there are no third person's involved or that provision has been made to protect their rights. If he fails to so move, the attachment shall be vacated.