766 F.2d 95
 FIREMAN'S FUND INSURANCE COMPANY, Petitioner-Appellee,
v.
Steven D'AMBRA, Community National Bank and Trust Company of
New York, the Continental Insurance Company, Commercial
Insurance Company of Newark, N.J., Boston Old Colony
Insurance Company, Gregory Cappello, Steven Mazza, Edith
Murphy, Ann Marie Manzella, and William Pisa, Respondents,
The Continental Insurance Company, Commercial Insurance
Company of Newark, N.J., and Boston Old Colony
Insurance Company, Respondents-Appellants,
Community National Bank and Trust Company of New York,
Respondent-Appellee.
 Cal. Nos. 778, 779, Dockets 84-7816, 84-7870.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 21, 1985.
Decided June 27, 1985.
 
 Jerome Murray, New York City (Hendler & Murray, P.C., William R. Mait and John G. Fellinger, New York City, of counsel), for respondents-appellants.
 Marvin Wexler, New York City (Kornstein, Veisz & Wexler, New York City, on brief), for petitioner-appellee.
 Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y. (Jesse I. Levine and Marc A. Pergament, Garden City, N.Y., of counsel), for respondent-appellee.
 Before VAN GRAAFEILAND, WINTER and PRATT, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge.
 
 
 1
 The basic issue on this appeal is whether, upon the lapse of a levy of attachment after ninety days pursuant to New York's Civil Practice Law & Rules (CPLR) Sec. 6214(e), court approval must be obtained before a second levy under the attachment order can be made upon the same property. Concluding that the district court erred in answering this question in the affirmative, we vacate and remand.
 
 
 2
 Continental Insurance Company, Commercial Insurance Company, and Boston Old Colony Insurance Company appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, J.), 596 F.Supp. 657, which awarded Fireman's Fund Insurance Company a prior claim to funds in Steven D'Ambra's account at Community National Bank and Trust Company and granted Community a $20,602 right of set-off. The litigation leading to this judgment is the offspring of a massive insurance fraud perpetrated by D'Ambra and others through the filing of false automobile accident claims. When Community learned in 1981 that D'Ambra had been depositing the checks he received on the phony claims in his Community accounts, it agreed with D'Ambra that no money would be withdrawn from the accounts until after the statute of limitations had expired for civil suits, and the funds in the accounts would be held as collateral security to indemnify Community for any loss incurred as a result of claims made against it. The agreement subsequently was amended to allow D'Ambra to deposit sufficient additional funds to warrant the issuance of two $100,000 Certificates of Deposit, which the bank continued to hold as collateral security.
 
 
 3
 On April 21, 1983, appellants sued D'Ambra and Community in New York Supreme Court, alleging that D'Ambra had fraudulently induced appellants to issue checks and that the proceeds of those checks had been deposited in D'Ambra's accounts at Community. On March 15, 1984, the New York court granted appellants an order of attachment in the sum of $3,905,315.37 on D'Ambra's property and debts owing to him. On March 21, 1984, the sheriff of Richmond County levied upon D'Ambra's accounts at Community by serving the bank with a copy of the attachment order. Because the sheriff did not take the Certificates of Deposit into his actual custody, this levy expired on June 19, 1984. See CPLR Sec. 6214(e). However, on June 29, 1984, appellants delivered a second copy of their attachment order to the sheriff and asked that he relevy on D'Ambra's Community accounts. On July 2, 1984, the sheriff did so.
 
 
 4
 On June 21, 1984, Fireman's Fund, which had sued D'Ambra in the Eastern District of New York, was awarded judgment for $1,682,806.68 plus costs, attorneys' fees and interest. A writ of execution was delivered to the sheriff of Richmond County on July 3, 1984 and served on Community on July 6, 1984. Fireman's Fund then brought a special proceeding under Fed.R.Civ.P. 69(a) to compel Community to turn over all funds in D'Ambra's accounts pursuant to the writ of execution. Appellants asserted a prior claim to the bank deposits on the basis of their second levy made under the state court attachment order. Community asserted a right of set-off for loans it had made to D'Ambra.
 
 
 5
 Following hearings, the district court held that "when a levy expires pursuant to N.Y.C.P.L.R. 6214(e), the sheriff cannot levy a second time upon the same property in the hands of (or debts owed by) the same garnishee without court approval." Otherwise, the district court reasoned, "the ninety-day period of N.Y.C.P.L.R. 6214(e) would be pointless." 596 F.Supp. at 662. It concluded that Fireman's Fund had a superior claim to the bank deposits by virtue of its writ of execution. We disagree.
 
 
 6
 Although section 6214(e) provides, with certain exceptions not relevant here, that "[a]t the expiration of ninety days after a levy is made by service of the order of attachment ... the levy shall be void", the section contains no reference to the underlying order of attachment. Section 6211(a), on the other hand, empowers the sheriff to levy "at any time before final judgment, upon such property in which the defendant has an interest and upon such debts owing to the defendant as will satisfy the amount specified in the order of attachment." A fair reading of these two sections leads ineluctably to the conclusion that an order of attachment survives the expiration of a levy under section 6214(e) and will support such additional levies as are necessary to satisfy the amount specified in the order. See Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne De Navigation, 605 F.2d 648, 653 (2d Cir.1979); Freedom Discount Corp. v. Clune, 32 A.D.2d 833, 834, 302 N.Y.S.2d 465 (1969); National American Corporation v. Federal Republic of Nigeria, 448 F.Supp. 622, 634-35 (S.D.N.Y.1978), aff'd, 597 F.2d 314 (2d Cir.1979); J. McLaughlin,Practice Commentaries, C6211:3 (McKinney 1980). This being so, it is a mistake to say, as did the district court, that, although the order survives, it is limited in its application to property that has not been levied upon previously. This is an unwarranted amendment of both the statute and the order. Section 6211(a) provides that the attachment order shall be directed to the sheriff of any county where "any property" in which the defendant has an interest is located and shall direct the sheriff to levy upon "such property" at any time before final judgment. The district court must apply the statute as it was written, not as the court would like it to have been written. Zaldin v. Concord Hotel, 48 N.Y.2d 107, 113, 421 N.Y.S.2d 858, 397 N.E.2d 370 (1979); Brastex Corporation v. Allen International, Inc., 702 F.2d 326, 330 (2d Cir.1983).
 
 
 7
 We are not persuaded by the district court's assertion that application of the statute as written would make the ninety day period of section 6214(e) "pointless". The rights of a relevying creditor vis-a-vis the debtor and other creditors are determined as of the date of the relevy. See CPLR Sec. 6214(b); Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne De Navigation, supra, 605 F.2d at 652. Because the ninety day limitation period applies only to property or debts that the sheriff has not taken into his actual custody or as to which no proceeding to effect such custody has been brought, its obvious purpose is to encourage the creditor to perfect his lien within ninety days of the original levy. See Fishman v. Sanders, 18 A.D.2d 689, 235 N.Y.S.2d 861 (1962); Worldwide Carriers Ltd. v. Aris Steamship Co., 312 F.Supp. 172, 175-77 (S.D.N.Y.1970).
 
 
 8
 Because appellants relevied on D'Ambra's accounts prior to the effective date of Fireman's Fund's judgment execution, appellants' lien is entitled to priority. Accordingly, we need not address the remaining arguments of the parties dealing with this issue. There remains only the bank's claim to a right of set-off for the amount owed it by D'Ambra on an installment loan, which the bank concedes to be $4,002 rather than $20,602. A set-off in this amount is proper under section 151 of New York's Debtor and Creditor Law.
 
 
 9
 The judgment of the district court is vacated, and the matter is remanded to the district court with instructions to file an amended judgment directing the Clerk of the District Court, who is the present custodian of the disputed funds, to transfer all of such funds, except $4,002, to the sheriff of Richmond County, New York, to be held by the sheriff subject to appellants' order of attachment, and to deliver the $4,002 to Community National Bank and Trust Company.
 
 
 10
 Costs to Respondents-Appellants against Petitioner-Appellee.