SAMUEL N. WORDIE, Respondent, v CHASE MANHATTAN BANK, N. A., Appellant, et al., Defendant. (And a Third-Party Action.)

On January 17, 1983, the plaintiff creditor obtained a money judgment in the amount of $644.55 plus costs and interest against the JRD Management Corp. (hereinafter JRD). In an effort to enforce this judgment, the plaintiff, on April 2, 1985, mailed an Execution with Notice to Garnishee, pursuant to CPLR 5232 (a), to the Sheriff of Westchester County. The Sheriff's office, in response, served a copy of the execution upon the defendant Chase.

The record reveals that on April 25, 1985, Chase debited an account which JRD maintained with the bank. Chase then issued and mailed a nonnegotiable check, payable to the order of the Sheriff, in the amount of $818.82, said sum representing the judgment, inclusive of costs and interest less the bank's surcharge. The Sheriff's office, however, never received the foregoing check. On June 17, 1985, the plaintiff's attorney notified Chase that the execution remained unsatisfied. Chase accordingly forwarded to the plaintiff's counsel a "lost check affidavit" with instructions that it be completed and notarized by the plaintiff's attorney.

Although CPLR 5232 (a) provides that a levy upon any interest of a judgment debtor is effective for only 90 days from the date of service unless, *inter alia,* the judgment creditor takes steps to perfect the levy by applying for an extension or by invoking the special proceeding provisions of CPLR 5225 or 5227, the plaintiff's attorney, rather than ensuring that the lost check affidavit was promptly executed by the appropriate party, merely returned it to Chase. The plaintiff's counsel

suggested to Chase that it forward the affidavit to the Sheriff's office since he had "no standing" to execute the same. No further action was taken on the part of the plaintiff to perfect the levy.

Contrary to the plaintiff's assertions, there is no evidence in this record to support the conclusion that Chase willfully refused to comply with the levy, that it refused to withdraw the moneys due the plaintiff, that it falsely represented that it had drawn a check to the Sheriff or that it aided and abetted the judgment debtor in withholding the funds from the plaintiff. Indeed, Chase, when first made aware that the check had not been received by the Sheriff, took reasonable measures to rectify the situation at a time when the levy was still in effect, i.e., before the 90-day statutory period had elapsed. It is well settled that no recovery may be had for losses which the purportedly injured party might have prevented by reasonable efforts and expenditures (see, AMF, Inc. v Cattalani, 77 AD2d 779, 780). In this case, the plaintiff, by failing to pursue the statutory mechanisms which were available to perfect the levy (see, CPLR 5225 [b], [c]; 5227) and by failing to seek an extension of the execution (see, CPLR 5232 [a]; Siegel, NY Prac § 496, at 673-674) allowed the levy to lapse and become void. Since there is no indication that Chase failed to comply with the execution and since the CPLR does not impose an affirmative duty upon a garnishee to enforce the rights of a judgment creditor, the motion of Chase for summary judgment dismissing the complaint as against it should have been granted. Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.