■ NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE, Respondent, v BANK OF NEW YORK, Appellant, and NICOLAOS TRIATAFILLAKIS, Respondent. [712 NYS2d 543] —Judgment, denominated order and judgment (one paper), Supreme Court, New York County (William McCooe, J.), entered on or about May 26, 1999, which granted the petition of the New York State Commissioner of Taxation and Finance for a judg-

ment compelling appellant Bank of New York to turn over the original proceeds in an account maintained by respondent judgment debtor, unanimously reversed, on the law, without costs, the judgment vacated and the petition dismissed.

By petition dated June 11, 1998, the New York State Commissioner of Taxation and Finance commenced this special proceeding (CPLR art 4) to enforce a warrant, duly filed as a judgment against respondent Nicolaos Triatafillakis in the office of the Clerk of the County of Albany on September 17, 1997. The Department thereafter served a tax compliance levy on March 3, 1998 for $11,302.09, representing the principal amount of the judgment together with accrued interest, which named appellant Bank of New York as garnishee. The bank responded with a notice dated March 10, which was received by the Department on March 13, advising it to give notice "within ninety (90) days if a turnover order will be forthcoming. Absent any notification from your office, the funds will revert to the customer."

Rather than commence a proceeding pursuant to CPLR 5225 (b) or 5227 within the 90 days prescribed by statute (CPLR 5232 [a]), the Department of Taxation and Finance resorted to service of another levy upon appellant bank on May 20, 1998, two weeks before the original levy was to expire. (It appears that, in the interim, a duplicate of the original levy was served upon the bank on or about March 11, 1998.) On June 2, the bank released the funds in the account to its customer, respondent Triatafillakis, pursuant to the terms of the original levy. Petitioner then served the within "petition in support of turnover order" on the bank on June 23, 1998.

Supreme Court held that the subsequent levy, effected on May 20, 1998, operated to restrain appellant from releasing the proceeds maintained in the judgment debtor's account. The court therefore directed appellant bank to turn over to the Department the maximum amount maintained in the judgment debtor's account from the date of the levy until the funds were returned to the depositor.

CPLR 5232 (a) provides, in pertinent part, "At the expiration of ninety days after a levy is made by service of the execution, or of such further time as the court, upon motion of the judgment creditor * * * has provided, the levy shall be void except as to property or debts which have been transferred or paid to the sheriff * * * or as to which a proceeding under sections 5225 or 5227 has been brought." The 90-day expiration provision of CPLR 5232 (a) has a parallel in CPLR article 62, governing attachment. CPLR 6214 (e) employs virtually identical

language substituting, in material part, "order of attachment" for "execution" and "plaintiff" for "judgment creditor" and making appropriate reference to the enforcement procedures particular to attachment. As we stated in that context, "The Legislature clearly intended that attachment should be expeditiously pursued" (*Posadas De Puerto Rico v Gruberman*, 226 AD2d 249, 253; *see also, Fishman v Sanders*, 18 AD2d 689).

Supreme Court's ruling in this matter is contrary to legislative intent as reflected in CPLR 5232 (a) and 6214 (e). The terms of these provisions are clear and unambiguous and, thus, do not warrant judicial construction (*New Amsterdam Cas. Co. v Stecker*, 3 NY2d 1, 6; *Matter of Brusco v Braun*, 199 AD2d 27, 28, *affd* 84 NY2d 674; McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 94). Unlike a levy by seizure (CPLR 5232 [b]), which expressly provides for a 60-day extension by the judgment creditor's attorney (CPLR 5230 [c]), the only means of extending a levy by service of execution (CPLR 5232 [a]) is by way of motion. As this presupposes the pendency of an action or proceeding in which the application can be submitted, petitioner's options were limited to the commencement of a special proceeding. As the Court of Appeals stated in *Zaldin v Concord Hotel* (48 NY2d 107, 113), "when, as here, a statute is free from ambiguity and its sweep unburdened by qualification or exception, we must do no more and no less than apply the language as it is written" (citing *People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Woodbury*, 208 NY 421, 424-425; McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 94; 2A Sutherland, Statutory Construction §§ 46.01, 46.04 [4th ed]). The statute unequivocally states that a levy becomes void 90 days after service is made unless a special proceeding specified by the particular provision has been commenced or an order of extension has been obtained.

To be distinguished is the service of a second levy after the first has expired (*e.g., Freedom Discount Corp. v Clune*, 32 AD2d 833, 834-835 [differentiating levy and order of attachment under which it is made]). In that instance, any priority gained by service of the original levy will be lost, and service of the second levy will not operate to the prejudice of a third party that has acquired an interest in the property or debt since the original levy was made (*see, Fireman's Fund Ins. Co. v D'Ambra*, 766 F2d 95, 97 [2d Cir]; *see also, Cenkner v Shafer*, 61 Misc 2d 807, 808 [extension on motion]).

The service of multiple, overlapping levies creates confusion and is contrary to the purpose of the statutory limitation "to minimize the burden on the garnishee" (11 Weinstein-Korn-

Miller, NY Civ Prac ¶ 5232.14). Even where an extension is granted on motion, "[t]he court must avoid permitting extensions that would harass the garnishee, unduly embarrass the judgment debtor or prejudice other judgment creditors" (11 Weinstein-Korn-Miller, NY Civ Prac ¶ 5232.15). Failing adherence to statutory criteria for the timely perfection of its interest in the judgment debtor's account and in the absence of a court order of extension, petitioner's levy expired by operation of law after 90 days (*Wordie v Chase Manhattan Bank*, 140 AD2d 435, 436, *lv denied* 72 NY2d 809; Siegel, NY Prac § 496, at 765 [2d ed]). Concur—Nardelli, J. P., Williams, Wallach, Rubin and Friedman, JJ.