Matter of Dontzin Nagy & Fleissig LLP v HC2 Holdings, Inc. (2023 NY Slip Op 00234)

Matter of Dontzin Nagy & Fleissig LLP v HC2 Holdings, Inc.

2023 NY Slip Op 00234

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt, Higgitt, JJ. 

Index No. 156889/20 452635/20 Appeal No. 16672-16673-16674-16675 Case No. 2021-01474, 2021-04127, 2021-01499, 2021-01500, 2021-01501 

[*1]In the Matter of Dontzin Nagy & Fleissig LLP, Petitioner-Appellant,
v
HC2 Holdings, Inc., Respondent, The City of New York, Respondent-Respondent. In the Matter of The City of New York, Petitioner-Respondent,

Dontzin Nagy & Fleissig LLP, New York (Tracy O. Appleton of counsel), for appellant.
Hon. Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for The City of New York, respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about March 8, 2021, which, upon reargument, granted respondent City of New York's application pursuant to CPLR 5232 for a second extension of its time to execute the levy served on respondent HC2 Holdings Inc. (HC2) by the New York County Sheriff to collect on property held by HC2 in which nonparty judgment debtor Philip Falcone has an interest; orders, same court and Justice, each entered on or about March 10, 2021, which, in response to a letter from the City requesting clarification of the March 8th order, declared that the City has priority over appellant Dontzin Nagy & Fleissig (DNF) with respect to the property; order, same court and Justice, entered on or about March 11, 2021, which granted the City's application for an order directing the Sheriff to sell certain stock and securities in HC2 using the services of a stockbroker; and order, same court and Justice, entered on or about May 5, 2021, which, inter alia, denied DNF's motion to renew and reargue its application to direct HC2 to turnover property in which Falcone had an interest and thereupon vacate the March 8th order and the March 10, 2021 order, unanimously affirmed, without costs.
The City and DNF are judgment creditors of nonparty Philip Falcone, the former chief executive of HC2. The orders subject to appeal addressed the priority of executions served by the City and DNF to levy against shares, options and compensation in which Falcone had an interest.
DNF, although not a party in the proceeding commenced by the City, participated in that proceeding and is aggrieved by the March 8, 2021 and March 10, 2021 orders issued therein, which directly affected its rights as a judgment creditor seeking to enforce its money judgment, and accordingly has standing to appeal (CPLR 5511; see Matter of Cadlerock Joint Venture, L.P. v John H. Fisher, P.C., 178 AD3d 1160, 1161 [3d Dept 2019]; Ricatto v Ricatto, 4 AD3d 514, 515 [2d Dept 2004]). In addition, although the orders issued March 10, 2021 are not appealable as of right because they did not decide a motion made on notice (CPLR 5701[a][2]), in the interests of judicial economy, the Court sua sponte deems the notices of appeal to be a motion for leave to appeal, and grants such leave (CPLR 5701[c]; Serradilla v Lords Corp., 12 AD3d 279, 280 [1st Dept 2004]).
As relevant here, CPLR 5234(b) provides that priority among adverse execution creditors is determined according to the order of filing and service of the executions and levies (id.). Under CPLR 5232(a), an execution expires after 90 days, unless the court grants an extension (see New York State Commr. of Taxation & Fin. v Bank of New York, 275 AD2d 287, 290 [1st Dept 2000]). Under these statutes, the City had priority, because it filed its execution first and obtained subsequent extensions under article 52. DNF's argument based on the dormancy doctrine and reliance on decisional law predating CPLR article [*2]52 (see e.g. Excelsior Needle Co. v Globe Cycle Works, 48 App Div 304, 309 [4th Dept 1900]) does not command otherwise.
The 1962 enactment of CPLR article 52 "effected sweeping changes of both substance and procedure in the law relating to the satisfaction of money judgments" (Plymouth Venture Partners, II, L.P. v GTR Source, LLC, 37 NY3d 591, 599 [2021], quoting Guardian Loan Co. v Early, 47 NY2d 515, 518 [1979] [quotation marks omitted]). Article 52 "was intended . . . to make the ranking of priority statutory, and to eliminate both decisional variations and difficult factual tests based upon the measure of diligence exerted by members of the different classes of judgment creditors" (City of New York v Panzirer, 23 AD2d 158, 162 [1st Dept 1965]; see id. at 161 [adopted provisions "designed to achieve the goal of a relatively simple, almost mechanical, statutory basis for determining priorities"]). The Court in Panzirer observed, among other things, that article 52's legislative history showed that its fixed time periods for enforcement, subject to statutory extensions, "prevent a creditor who secures [priority] from sitting on its rights to the detriment of another creditor" (id., quoting 1961 NY Legis Doc No. 15, 5th Prelim. Report, rule 5263[c], at 637; 1962 NY Legis Doc No. 8, 6th Report, § 5234[c], at 504; see also Siegel, NY Prac §§ 520, 521; cf. Cook v H. R. H. Const. Corp., 32 AD2d 806, 807-808 [2d Dept 1969]). In other words, as a result of article 52's enactment, the dormancy doctrine was exchanged for statutory examinations of whether extensions are justified, and DNF's reliance on the doctrine is thus unavailing.
DNF's motion to renew its application for an order, in Index No. 156889/2020, directing HC2 to deliver to the New York City Marshal personal property in which Falcone has an interest was also properly denied.
Although the dormancy doctrine no longer retains vitality as applied to article 52 judgment enforcement, general considerations of diligence and prejudice are of course still relevant to examinations of whether extension applications under CPLR 5232(a) have merit (see e.g. New York State Commr. Of Taxation & Fin. v Bank of New York, 275 AD2d at 290 ["where an extension is granted on motion, '[t]he court must avoid permitting extensions that would harass the garnishee, unduly embarrass the judgment debtor or prejudice other judgment creditors'"], quoting 11 Weinstein-Korn-Miller, NY Civ Prac ¶ 5232.15). Here, the City's motion for an extension of its execution in Index No. 452635/2020 was properly granted since the City adequately justified its necessity based on a nearly year-long wait before the March 2020 share distribution to Falcone and further half-year delay during which auctions were suspended due to the coronavirus pandemic, as well as the time required for motion practice to sell shares through a stockbroker. Moreover, under these circumstances, there is no clear indication that the length of the City's enforcement [*3]benefitted judgment debtor Falcone or worked any potential fraud on other creditors.
We have considered DNF's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023